## 6042.   SHIELDS *v.* THE STATE.

1. Where the capacity of a witness is questioned on account of his youth, and a preliminary examination touching his competency is allowed by the trial court, and thereafter his testimony is admitted, it is to be presumed that the court exercised the discretion conferred by section 5856 of the Civil Code, and adjudged the witness to be prima facie competent to testify.
2. Where the court allowed a witness nine years of age to testify, it was not reversible error to charge the jury on the law as to the capacity of a child to testify, and that in passing upon his credibility, they might consider his youth and the answers elicited from him touching his competency as a witness.
3. The verdict was fully supported by the evidence, and there was no error in refusing a new trial.

DECIDED AUGUST 5, 1915.

Indictment for robbery; from Fulton superior court—Judge Hill. September 5, 1914.

*Thomas B. Brown,* for plaintiff in error.

*Hugh M. Dorsey, solicitor-general, E. A. Stephens,* contra.

RUSSELL, C. J.   The plaintiff in error was convicted of robbery. The main witness for the State, and the only witness who testified

to the more material allegations of the indictment, was a boy nine years of age. On motion of counsel for the accused this youth was subjected to an examination touching his capacity as a witness. On the conclusion of this examination the court remarked, "I will leave it to the jury whether he is competent or, not," and allowed the witness to proceed to testify. This act of the court in so allowing the testimony of the witness is attacked as erroneous.

While it is true that the competency of a witness to testify is a question for the court (Civil Code, § 5856), we find no error in the remark complained of, or in the charge of the court. It is not insisted that the judge could not, or did not, within his own breast, consider the capacity of the witness fully up to the standard required by law. The mere fact that he did not expressly declare the witness to be competent or incompetent does not in any wise tend to show that the court did not consider the witness competent. Indeed, the very act of the court in allowing the witness to testify at all after he had been examined as to his competency negatives the idea that the court held the witness to be incompetent. We are constrained to believe that the judge, wise and learned as he is, in making the remark above quoted, merely had in mind the sound legal maxim that "The object of all legal investigation is the discovery of truth." In permitting the witness to testify at all, the court exercised its discretion, and adjudged prima facie that the child was a competent witness. In making the remark of which complaint is made the judge perhaps had in mind and expressed the truth that, after all, the capability, competency, credibility and veracity of the youthful witness would necessarily have to be passed upon by the jury trying the defendant and who were the final judges of both the law and the facts. As was said by this same able judge when a member of this court, in *Webb* v. *State, 7 Ga. App.* 35 (66 S. E. 27), in a case similar to this, in which the competency of a girl eight years of age was questioned, "At least the jury, who saw the child and heard the answers to the questions relating to her competency, were the judges of whether her testimony was entitled to credit." The Supreme Court, in *Young* v. *State,* 122 *Ga.* 725 (50 S. E. 996), a similar case, held that "while the judge may have been satisfied prima facie that she was competent, the jury at last were the judges of whether they would credit her testimony or not." The judge in the present instance ·must of

necessity have been satisfied prima facie that the witness was competent, else he would not have allowed the witness to testify. It is not insisted that the judge erred in his conclusions as to the competency of the witness, and, indeed, if it were so insisted, we would be constrained to hold that he did not abuse his discretion in holding the witness competent to testify, for there must appear a very flagrant abuse of discretion in such cases to authorize this court to interfere. *Peterson* v. *State, 47 Ga.* 524; *Young* v. *State,* supra. No such abuse appears in this case.

2. It is insisted in the second ground of the amendment to the motion for a new trial that the court erred in giving in charge to the jury the law relative to the capability of witnesses to testify, and in charging them that they might take into consideration, in arriving at their verdict, whether the witness in question was a competent and capable witness. The court went fully into this matter, and we are unable to see wherein the defendant has any right to complain thereat. Such instructions could not possibly have done the defendant harm. It is for the jury in every case to pass upon the credibility of witnesses, but the court went a step further than the law required and also gave the defendant the benefit of having the jury say that the court might have misjudged the capacity of the witness to testify. The fact that the judge, in his effort to accord to one charged with crime every essential of a fair and impartial trial, allowed the jury also to pass upon matters of fact already rightly adjudged by him upon an investigation as to the prima facie competency of a witness, and especially when a conclusion of the issue of competency by the jury different from that reached by the judge could not possibly do the defendant harm, but might, on the contrary, inure to his benefit, should, in our opinion, afford the defendant no cause for complaint.

3. The verdict was fully supported by the evidence and there was no error in refusing a new trial.    *Judgment affirmed.*

BROYLES, J., concurring specially. I can not agree that, because the trial judge, after allowing a preliminary examination of the child witness touching his competency, permitted the witness to testify, "it is to be presumed that the court exercised the discretion conferred by section 5856 of the Civil Code, and adjudged the witness to be prima facie competent to testify," when the record further shows that, after the examination of the witness, the judge

remarked, "I will leave it to the jury whether he is competent or not." That the judge did in fact refer the question of the competency of the witness to the jury is further shown by his charge, when, in referring to the witness in question, he used the following language: "You saw the little boy. I leave it to you, gentlemen, to decide, along with the other evidence in the case, whether or not, in your opinion, he is old enough to understand the nature of an oath, to understand what he is doing, where he is, and the condition and character of an oath. The law says a witness is not competent at all as a witness if a child is too young to understand the nature of an oath. If you believe in this case that this little boy does not know anything about an oath, does not understand the nature of it, does not understand what he is doing, does not understand what would be the effect of perjury by him, you would be authorized to say he was not competent as a witness." In my opinion, it is clear that the learned trial judge, instead of deciding upon the competency of the witness, as required by section 5856 of the code, referred it to the jury. I concur, however, in the affirmance of the judgment of the court; for, under all the facts in the case, I do not think that this error was sufficiently prejudicial to the defendant to require the grant of a new trial.