### 15465.   LONG *v.* THE STATE.

LUKE, J.   1.   The evidence authorized a conviction of the offense of assault with intent to murder.

2. The special ground of the motion for a new trial, as to the charge of the court upon the testimony of a child of tender years, in view of *Shields* v. *State,* 16 *Ga. App.* 680 (85 S. E. 1057), and cases there cited, is without merit.

3. The defendant has had a legal trial, and for no reason pointed out was it error to overrule the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*

DECIDED MAY 13, 1924.

Indictment for assault with intent to murder; from Jackson superior court—Judge Russell. February 9, 1924.

Long was charged with having put calcium arsenate in flour, to

poison his wife, who ate bread made from the flour and became ill.
Two of his children, one eight years old and the other eleven, were
witnesses against him.   In the motion for a new trial it is con-
tended that the judge erred in submitting to the jury the admissi-
bility of the testimony of witnesses of tender years; that "the court
is the sole judge of the admissibility of such evidence, and it is not
a matter finally left to the jury," and that the charge on this subject
was prejudicial to the defendant.   The instructions complained of
are as follows: "Now, on the subject of the admissibility of the evi-
dence of a child of tender years, our courts have held this to be the
law, and you are instructed that this is the law on that subject:
When a witness of tender years is produced in a trial the duty
devolves upon the court to make a preliminary examination to deter-
mine whether such witness is prima facie of such capacity and age
as to understand the obligations of an oath, in.order that the court
may determine whether it is proper to allow the testimony of such
witness to go to the jury to be considered by them.   This examina-
tion by the court is merely preliminary on the competency of the
witness; and if the court is satisfied that the witness is not of suffi-
cient age or capacity to understand the obligation of an oath, it is
the duty of the court to exclude the witness altogether; but if the
court is not so satisfied, and the circumstances are such as there may
be a doubt as to the capacity of the witness, then it is the duty of
the court to allow the witness to testify, and make in the presence of
the jury an examination as to the capacity of the witness, and all of
the testimony of the witness and all of the evidence as to the capac-
ity of the witness, and the demeanor of the witness on the stand,
go to the jury for them to determine at last whether the witness is
of such age and capacity as they may think the witness can under-
stand the obligation of an oath, and whether the witness's evidence
should be considered.   In determining this question you may take
into consideration the appearance of the witness, his immature
years, his age, if it appears in the evidence, the manner in which he
testifies, and all of the circumstances surrounding the examination
of the witness in your presence.   If the jury reaches the conclusion,
after considering all these matters, that the witness in question was,
although of immature years, of such age and capacity as that he
understood what he was doing when he was testifying before you,
then you may be authorized to believe this witness as to such facts

and circumstances testified to by him before the jury as impressed themselves on your minds as being established to your satisfaction. If, however, after considering all the circumstances surrounding the witness that appeared before you during the progress of his examination, the jury reaches the conclusion that he is of such immature years that he does not understand the obligation of an oath, then, of course, the jury would be authorized to eliminate his testimony from the case altogether. But all of these matters [are] for you to determine, taking into consideration all of these circumstances and the manner in which he testified, the manner of his examination, and give to that witness such credit, and such credit only, as you see proper to give, under your convictions, after you have reached your conclusions as to whether his immature years were such as he did not appreciate the circumstances by which he was surrounded or had no definite recollection of these things to which his testimony relates. If, however, the jury reaches the conclusion that he is to be believed by you, then give his testimony just such credit as in your judgment it is entitled to. In other words, after you reach the conclusion that he is a competent witness, under the law, to testify to whatever he may know about the transaction, you deal with his testimony just as you deal with the testimony of other witnesses, and weigh it, and give it such consideration and such weight only as you see proper to give it, under all the facts and circumstances of the particular case that arise from a witness of immature years being called to the stand."

*A. C. Brown,* for plaintiff in error.

*Pemberton Cooley, solicitor-general,* contra.