## YOUNG *v.* THE STATE.

1. When on the trial of a criminal case a child under the age of fourteen years is offered as a witness, and is objected to by counsel for the accused on the ground that she does not understand the nature and sanctity of an oath, it is error for the judge to refuse to examine her as to her knowledge and belief upon this subject, or to refuse to allow counsel to examine her, and to allow her to testify simply because she testified in a previous trial of the same case.
2. There is no material error in any of the other charges or rulings complained of in the motion for new trial.

Argued March 20,—Decided May 10, 1905.

Indictment for murder. Before Judge Lewis. Baldwin superior court. January 31, 1905.

*John R. Cooper* and *Hines & Vinson*, for plaintiff in error.

*John C. Hart, attorney-general*, and *Joseph E. Pottle, solicitor-general*, contra.

SIMMONS, C. J. Young was convicted of the offense of murder; he made a motion for a new trial, which was overruled, and he excepted. One of the grounds of his motion was, in substance, that when the State offered Lugenia Butts, a child under fourteen years of age, as a witness, she was objected to on the ground that she was incompetent because of her want of knowledge as to the nature and sanctity of an oath. The judge asked the witness her age, and she replied that she was then twelve years old; he further inquired if she testified in the case upon a previous trial, and she replied that she did; whereupon the court ordered the examination to proceed. He would not examine her himself as to her knowledge and belief concerning the obligation of an oath, nor would he allow counsel to do so.

1. The Civil Code, § 5273, declares that a child who does not understand the nature of an oath is an incompetent witness. Section 5276 declares that the court *must* by examination decide upon the competency of one alleged to be incompetent by reason of childhood. The record discloses that this child was alleged to be incompetent, and that the judge refused to examine her as required by the statute. As a general rule this court is loath to interfere with the discretion of a trial judge on this question. It is a matter largely in his discretion, after examining the child, to determine whether it understands the nature of an oath and whether its testimony is competent. This rule has been applied in many of our decisions, but upon reading them it will appear that the judge in each case did examine the child and determined that it was either competent or incompetent; and this court has generally sustained the trial judge, announcing that it would not interfere unless it was manifest that he had abused his discretion. But this is a different kind of case. Here the judge did not examine the child at all as to her understanding the nature of an oath, but merely asked her age and whether she testified upon the former trial of the case. How that could enlighten him as to whether she could understand the nature of an oath, we are at a loss to perceive. We examined the record when the case was here before (121 *Ga.* 334) and found the testimony of this child therein, but there was no indication that her incompetency was objected to on that trial. But the fact that it was not objected to on that trial did not amount to a waiver of her incompetency on the next trial. The accused had a right, under the code, to have her competency tested, and the examination testing it taken down in writing. The jury also had the right to hear the test as to her competency; and while the judge may have been satisfied prima facie that she was competent, the jury at last were the judges of whether they would credit her testimony or not, after hearing her examined concerning her knowledge of the nature of an oath. It is not so much the intelligence of a child that renders it competent to testify, as it is its knowledge of the nature of an oath. This is the test the code prescribes, and judges have no right to make any other test than the one prescribed. This ruling may appear to many as a "technicality," as it is now flippantly called when one accused of crime is granted a new trial. We say the

accused was entitled to a legal trial. The law has provided certain forms and safeguards in the trial of criminal cases, which must be complied with. It has given the accused certain legal rights upon which he can insist and rely, and if the trial court overrules and overrides one of these rights, and he is convicted, he has not had the trial which the law contemplates, and it is the bounden duty of the courts to grant a new trial in order that he may have the benefit of all the safeguards and protection guaranteed by our law to every citizen accused of the commission of crime. The administration of justice demands that there shall be no relaxation in the rules of law governing the trial of criminal causes. Rules laid down in one case are applicable to all cases of a similar nature, and to hold that the trial judge may not, in some particular case, adhere strictly to the law, would be but to provide a means whereby our whole criminal procedure could be destroyed. In this instance the law declared the child incompetent to testify against the accused unless she was shown to know the nature of an oath. As far as the record discloses as to her knowledge upon this subject, she may have been as ignorant as a Hottentot. Her testimony was important, as it proved a declaration by the accused of an intention to kill the deceased, and we think the court should have examined her as to her knowledge of the nature of an oath before he allowed her to testify, when her incompetency had been called to his attention.

2. As to the other grounds complained of in the motion, we do not think there is any material error which would require a reversal of the judgment. When the case was here before we reversed the judgment on the ground that the evidence was not sufficient to sustain the verdict of conviction, as it did not exclude every reasonable hypothesis except the guilt of the defendant. In the last trial the evidence was strengthened somewhat by proof of the identity of the gun-wads, and the tracks alleged to have been those of the defendant near the clump of bushes. We will not comment on it now, as a new trial must be had, except to say that still, in our opinion, it is a close and doubtful question whether the accused did the killing or not.

*Judgment reversed. All the Justices concur, except Candler, J., absent, and Lumpkin, J., not presiding.*