## 28367. GETER v. THE STATE.

INGRAM, Justice. The appellant, upon being convicted of murder and sentenced to life imprisonment in Fulton Superior Court, appealed the overruling of his amended motion for a new trial. Three alleged errors are enumerated for consideration by this court. The first asserted error complains that the trial court permitted an incompetent witness to testify on behalf of the state; the second alleged error urges that evidence favorable to the appellant was known by the prosecuting attorney but was not disclosed until after the trial, and the third error complained of is that the jury's verdict of guilty is not supported by proof beyond a reasonable doubt. After studying the record of the evidence at the trial, consisting of 434 pages, and the briefs filed by counsel in the case, we conclude that the judgment of the trial court overruling the amended motion for a new trial should be affirmed.

We turn first to the evidence. The record reveals the following testimony from state witnesses: On the evening of February 6, 1973, the appellant hailed Merle Adams to give him a ride in Adams' automobile from near the Flamingo Club on Auburn Avenue, in Atlanta, to East Point. The appellant, along with Mary Louise Clark and another unidentified young woman, got into the automobile with Adams, who was alone. They first drove to an apartment, then proceeded back to the Flamingo Club and finally to Henry Grill on Auburn Avenue where they went in and made several purchases. Upon leaving the grill, they were joined by the deceased, Willie James Smith. The five of them traveled to the home of appellant's mother in East Point and subsequently departed, leaving the other woman behind at the Geter home.

As the remaining four left, appellant got into the back seat of the automobile by himself. Adams continued driving with Mary Louise Clark in the middle of the front seat and the deceased, Willie James Smith, sitting on the right front side. As Adams drove his automobile carrying these three passengers along a oneway street near the intersection of the street with Auburn Avenue, Adams heard the deceased Smith ask appellant Geter for some money. Geter replied he had money and, suddenly after hearing a sound like a firecraker going off, the deceased lunged forward and cried out, "Oh, my God, you're killing me. Please don't shoot me no more." A second shot was fired and the deceased stumbled or fell out of the automobile, which was then moving at a speed of about 20 miles per hour. Adams stated to appellant, "You killed that boy in my car. Don't you know you're going to get me in trouble?" Geter replied, "Drive the car, drive the car," and also said, "he was glad that he had did it," because the deceased, Smith, had previously killed a close friend of his. As the deceased emerged from the automobile onto the street, he encountered Jerome Carter, who had heard two shots and saw the deceased leave the vehicle. Upon inquiring of Willie James Smith who shot him, the deceased Smith, soon before expiring, replied to Jerome Carter that Al (Geter) had shot him. Another pedestrian in the vicinity, Bobby Hunter, also heard shots fired, but he saw only a male driver, whom he could not identify, in the automobile from which the deceased fell. A medical examination of the body of the deceased, Willie James Smith, revealed that two bullets had entered his body from the rear, one of which caused his death.

Appellant testified at the trial and denied he shot the deceased, or was even present when the deceased was shot. Instead, the appellant accused Adams, the driver of the automobile who was a witness for the state, of being responsible for the death of Willie James Smith. During the course of an investigation by the Atlanta Police Department, a city detective interviewed appellant. The detective testified at the trial that a close friend of appellant's had previously been found slain. From testimony elicited on cross examination of the detective at the trial, it appeared that appellant previously told this same detective in an earlier interview, concerning the death of appellant's close friend, that if appellant discovered his friend's assailant, the detective would have another case to investigate.

Appellant Geter contends that Jerome Carter, a witness for the

state, was incompetent to testify at the trial because he was under medication at the time of his testimony and was brought to the courtroom on a stretcher from a hospital where he had been admitted as a patient for drug addiction two days prior to his appearance in court. At the request of appellant's attorney, the trial court conducted a hearing out of the presence of the jury to consider the competency of this witness to testify at the trial. Code § 38-1610 provides that the court shall, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, or insanity or drunkenness or infancy. This provision of our law requires the trial court to determine the competency to testify of a witness who is under the influence of alcohol or other drugs. The witness, Jerome Carter, appeared to be lucid, and fully capable of responding not only to questions put to him by the trial judge but also to questions asked of him by appellant's counsel. After the trial judge listened to the answers of the witness and observed him during the competency examination, the trial court found the witness "to be alert and know what he's testifying to, and he appears to me to be a competent witness." The trial court's determination of the competency of a witness to testify will not be overturned unless it positively appears from the record that there has been an abuse of discretion by the trial court in its determination of competency. *Edwards v. State*, 226 Ga. 811 (177 SE2d 668). The record of the competency inquiry shows the trial court was fully authorized to find this witness was competent to testify in this case. Cf. United States v. Cole, 457 F2d 1141.

Appellant argues in his second enumeration of error that the trial court erred in not granting a new trial because the prosecuting attorney failed to disclose to appellant and his counsel that the witness, Jerome Carter, was afflicted with drug addiction at the time of his testimony. Appellant relies on the ruling in Brady v. Maryland, 373 U. S. 83 (83 SC 1194, 10 LE2d 215), and similar cases holding, in effect, that a prosecuting attorney has a duty to disclose evidence favorable to the accused. In Brady, supra, the co-defendant was the only witness who could testify as to whether he or Brady actually killed the deceased. The same was true in Giles v. Maryland, 386 U. S. 66 (87 SC 793, 17 LE2d 737), where the rape victim was the sole witness as to lack of consent. This is one distinguishing characteristic of these and other similar cases from the situation we find in the present case where the testimony of the witness, Jerome Carter, was not required for

conviction. As said by the Court in Giglio v. United States, 405 U. S. 150 (92 SC 763, 31 LE2d 104), when considering the credibility of a witness, ". . . We do not, however, automatically require a new trial, whenever a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . ." Id., p. 154. In the present case, the state's evidence shows that the witnesses Merle Adams and Mary Louise Clark, testified positively at the trial as eye witnesses to the fatal shooting of the deceased by appellant. Their credibility was a matter for the jury. *Morgan v. State,* 229 Ga. 532 (192 SE2d 338). The testimony given by the witnesses for the state, exclusive of Jerome Carter's testimony, was sufficient to support the conviction of appellant for the murder of Willie James Smith. Additionally, it also appears from the record that counsel for appellant had complete access to all of the prosecuting attorney's file prior to trial and xeroxed portions he deemed helpful to the defense of the case. We also note there is no evidence in the record to *establish* that this witness, Jerome Carter, was an addict at the time he received the dying declaration of the deceased or at the time the witness testified at the trial. As observed earlier, the trial court properly determined the witness' competency to testify as the trial. We find no merit in this enumerated error.

Finally, we conclude that the trial court was authorized to find the evidence was legally sufficient to support the jury's verdict. The jury observed the witnesses, heard their testimony and considered their credibility. The fact that the jury rejected appellant's testimony at the trial and also chose to believe the state's witnesses, Adams, Clark and the city detective, is an insufficient reason to conclude the evidence does not support the conviction. The jury was authorized by the evidence presented on behalf of the state to find beyond a reasonable doubt that appellant murdered the deceased, Willie James Smith. The verdict has the approval of the trial judge who also heard and observed the witnesses at the trial. It will not be disturbed, under these circumstances, by this court. *Wheeler v. State,* 220 Ga. 535 (140 SE2d 258).

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1973 — DECIDED JANUARY 28, 1974.
Murder. Fulton Superior Court. Before Judge Tidwell.
*Philip S. Davi,* for appellant.
*Lewis R. Slaton, District Attorney, James H. Mobley, Jr., Morris*

*H. Rosenberg, Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, David L. G. King, Jr., Assistant Attorneys General,* for appellee.