## 30910. BRYANT v. THE STATE.

Jordan, Justice.

This appeal is from a conviction of murder and a life sentence. Appellant appeals the overruling of his motion for new trial on the general grounds and on the trial court's failure to conduct an examination to determine the competence of a state witness.

On the evening of March 27, 1975, the victim, seventy-two-year-old William Voyles, and his wife were in their home in Chattooga County, Georgia. Ethel Brown, who had been hired to take care of an ailing Mrs. Voyles, was also in the home that evening. Mrs. Voyles was sitting in the living room and Mrs. Brown was working in

the kitchen but was drawn into the living room by the commotion. Both were witnesses to the incident and testified to the following: That same evening appellant appeared at the front door. Mr. Voyles went to the screen door, asked appellant if he had been drinking and informed him that if he had he could not enter the house because of Mrs. Voyles' illness. The appellant began cutting the screen with a knife and forced himself into the house. A scuffle between appellant and Mr. Voyles ensued in which appellant attacked Voyles with a knife cutting him more than once. Both testified that Voyles tried to defend himself with an object which Mrs. Brown described as a "car jack." The scuffle led the two out of the house onto the front porch where Voyles reached for an axe lying next to the front door. Appellant wrestled the axe from Voyles, knocked him to the floor, placed one foot on top of the victim and with the axe struck the fatal blow to Voyles' head.

Appellant testified that he and Ethel Brown had dated on several occasions and that on the night in question she telephoned him and requested that he come to Mr. Voyles' house. He further testified that upon arriving at the residence he was beaten by two or three men with sticks and that he had no recollection of any events after that until he realized he was in jail.

The morning after the killing appellant surrendered to the police. His clothes were described by police officers as containing a large amount of blood. Police officers on duty when he arrived at the jail noticed no cuts or bruises which appellant claims to have suffered at the hands of his attackers.

1. On the trial of the case, upon Mrs. Voyles being called by the state to testify, defense counsel objected to her competency on the ground that she had previously been treated for mental illness at Central State Hospital. The trial court summarily overruled the objection and the witness proceeded to testify. Thereafter, defense counsel introduced records and transcripts showing that in 1966 and 1974, pursuant to Mr. Voyles' application, Mrs. Voyles was adjudicated mentally ill and admitted to Central State Hospital. Her last hospitalization ended March 24, 1975.

Appellant contends that under Code Ann. § 38-1610 once an objection is interposed to the calling of a witness to testify as being incompetent on the ground of having been adjudicated insane, the trial judge must conduct a preliminary examination of the witness and then rule upon the witness' competency. We agree with this contention. See *Geter v. State,* 231 Ga. 615 (203 SE2d 195) (1974). Code Ann. § 38-1610 provides: "The court shall, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, or insanity, or drunkenness, or infancy." The court made no examination here, and this omission has resulted in the grant of a new trial in prior cases. *Young v. State,* 122 Ga. 725 (50 SE 996) (1905); *Gilstrap v. State,* 90 Ga. App. 12 (81 SE2d 872) (1954).

However, assuming that Mrs. Voyles might have been found incompetent to testify, it appears from the record that the admission of her testimony would be harmless since other testimony in evidence by a witness with immediate and personal knowledge was sufficient to establish the facts in question. See *Glass v. State,* 235 Ga. 17 (218 SE2d 776) (1975). Both Mrs. Voyles and Ethel Brown were eyewitnesses to the fatal blow and the events leading thereto, and both testified to basically the same occurrence. We will not grant a new trial or reverse a case for error unless it is also shown to be harmful, and evidence wrongfully admitted is harmless where admissible evidence of the same fact is introduced. *Glass v. State,* supra; *Robinson v. State,* 229 Ga. 14 (189 SE2d 53) (1972).

Appellant urges upon this court that Ethel Brown, as a witness testified unconvincingly since she was actually in the kitchen during the incident, and was arrested the night of the incident for public drunkenness. The record, however, does not bear out these objections. The testimony at trial shows that upon hearing the commotion in the living room she left the kitchen and watched from the kitchen doorway and the front porch. The record shows that on the night of the incident investigating officers arrested her for public drunkenness. However, it was not for behavior on the night in question, but for an occurrence days earlier for which a warrant was issued.

There is no evidence that she had been drinking on the night of the killing.

2. The verdict is not based solely upon circumstantial evidence, as the appellant contends, and the evidence is more than sufficient to sustain the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 8, 1976 — DECIDED MAY 5, 1976.

*W. Benjamin Ballenger,* for appellant.

*Earl B. Self, District Attorney, Jon B. Wood, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.