## 32324. BROWN v. THE STATE.

UNDERCOFLER, Presiding Justice.

A federal court found that defendant Brown was unlawfully denied an appeal from his 1962 conviction for murder on the ground that his appointed attorneys failed to appeal despite his wishes to do so. Brown had at that time filed a pro se notice of appeal in Chatham Superior Court. After fifteen years Brown must be released or his

case reviewed on direct appeal. We proceed with the appeal and reverse for the reason that blacks had been systematically excluded from his grand and petit juries.

1. We stated in *Barrow v. State,* 239 Ga. 162, 164 (236 SE2d 257) (1977) that "[t]he requirements for making out a prima facie case for discrimination are two-fold. First, the appellant must prove that an *opportunity for discrimination* existed from the source of the jury list, and, second, that the use of that infected source produced a *significant disparity* between the percentages found present in the source and those actually appearing on the grand and traverse jury panels." The evidence presented below shows that the source of the jury lists was a racially identified tax digest similar to that held to be an "infected source" in Whitus v. Georgia, 385 U. S. 545 (87 SC 643) (1966), and that for a ten-year period the jury lists were no more than 5% black although the community was 34% black. In addition, Brown's 1961 grand jury box was only 1.97% black. The 1961 traverse jury box, from which the jury that convicted him was drawn, was only 1.95% black. Brown thus presented a prima facie case of purposeful discrimination, and put the burden on the state to rebut it.

Affirmations of good faith by the commissioners have never been deemed adequate to counter a defendant's prima facie case. *Barrow v. State,* supra. Therefore, the state failed to meet its burden in this regard. The state argues, however, that Whitus v. Georgia, supra, a 1966 case, should not be given retroactive effect. Whitus specifically addresses the use of a racially designated tax digest as a source for jurors. It does not, however, establish the general principle of constitutional law that every United States citizen is entitled to a jury of his peers that represents a cross-section of his community. As was said by the U. S. Supreme Court in Whitus, "For over fourscore years it has been federal statutory law, 18 Stat. 336 (1875), 18 USC § 243, and the law of this Court as applied to the States through the Equal Protection Clause of the Fourteenth Amendment, that a conviction cannot stand if it is based on an indictment of a grand jury or the verdict of a petit jury from which Negroes were excluded by reason of their race. Strauder v. West Virginia, 100 U. S. 303

(1880); see also Pierre v. Louisiana, 306 U. S. 354 (1939)."
Whitus v. Georgia, supra, pp. 549-550. Accord, Hernandez v. Texas, 347 U. S. 475 (1954); Avery v. Georgia, 345 U. S. 559 (1953). Thus, there can be no question of retroactivity here.

The trial court erred in overruling Brown's timely challenges to the grand and traverse juries and must be reversed.

2. Under the evidence presented on the motion to suppress, the trial court was authorized to find that consent to the search was freely and voluntarily given. We have carefully considered the other two enumerations on the evidence and the enumeration on the refusal to charge and find no error. Under our decision in Division 1, however, the judgment must be reversed.

*Judgment reversed. All the Justices concur, except Jordan and Marshall, JJ., who concur in the judgment only.*

ARGUED JUNE 13, 1977 — DECIDED
SEPTEMBER 6, 1977.

*James C. Bonner, Jr.,* for appellant.
*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Stephen Parker, Assistant Attorney General,* for appellee.