## 54957. BENNETT v. THE STATE.

BELL, Chief Judge.

Defendant was convicted of theft by taking.

The only error enumerated is the trial court's failure to conduct a preliminary examination on the question of the competency of a witness for the state who was age 13 at the time of trial. When called, the defendant's counsel stated: "Your Honor, I make an objection at this time due to the age of the witness. I think the court should have a hearing on his competence." The trial judge denied the request stating that at age 13 he did not believe a hearing was necessary. Neither side questioned the witness on this issue. *Held:*

Code § 38-1607 declares that children who do not understand the nature of an oath shall be incompetent witnesses. Code § 38-1610 provides: "The court shall, by examination, decide upon the capacity of one alleged to be incompetent from idiocy, lunacy, or insanity, or

drunkenness, or infancy." The appellant made objection sufficient to evoke these statutes. The failure of the trial court to conduct an *examination* on the issue raised, viz., whether the witness understood the nature of an oath has been held to be reversible error where the witness was under 14 years of age. *Young v. State,* 122 Ga. 725 (50 SE 996). This particular witness' testimony was vital to the state's case as his testimony was the only evidence showing that defendant took the victim's purse. In *Bryant v. State,* 236 Ga. 790 (225 SE2d 309), the Supreme Court applied the harmless error rule to an error of this type. But we cannot here due to the importance of the witness' testimony. We are constrained to reverse the judgment in this case based on *Young.*

*Judgment reversed. Shulman and Birdsong, JJ., concur.*

SUBMITTED JANUARY 16, 1978 — DECIDED FEBRUARY 8, 1978 — REHEARING DENIED FEBRUARY 28, 1978 — CERT. APPLIED FOR.

*Richard M. Loftis,* for appellant.
*M. Randall Peek, District Attorney, Robert E. Wilson, Assistant District Attorney,* for appellee.