## 35736. BROWN v. THE STATE.

Bowles, Justice.

Floyd Brown, appellant, was originally convicted in Chatham Superior Court on March 20, 1962, for the murder of Mrs. Billie Inman. No immediate appeal was taken from the sentence entered following that conviction, and a federal court subsequently found that he was unlawfully denied an appeal. We then considered his appeal and reversed the conviction based on timely challenges to the grand and traverse juries which had not met constitutional muster. See *Brown v. State,* 239 Ga. 435 (238 SE2d 21) (1977). Brown was reindicted in October, 1977. Following a jury trial he was found guilty and received a life sentence. His motion for new trial was denied on June 22, 1979, and he thereafter filed notice of appeal to this court assigning only two errors which are insisted upon.

We affirm.

1. Appellant contends the trial court erroneously permitted the state to introduce into evidence a reading of the testimony of Dr. Charles Sullenger, formerly in charge of the State Crime Laboratory in Chatham County, Georgia. Appellant contends that the state failed to establish the qualifications of Dr. Sullenger as an expert, and that the use of the transcript of his testimony at appellant's preliminary hearing violated his constitutional right to confrontation of the witness and his right to cross examine the witness as provided under Code Ann. § 38-1705.

It was established at trial that Dr. Sullenger had left the State of Georgia and was residing in another state.[1] Evidence was shown that the state attempted to persuade the witness to return for the retrial, but citing personal reasons Dr. Sullenger advised the state that he would not return. At the preliminary hearing where Dr. Sullenger testified and where the transcript was made, appellant

---

[1]That state had not adopted the Uniform Act to secure the attendance of witnesses from without the state. See Ex Parte Hardin, 326 S2d 784.

was represented by counsel who participated in the preliminary hearing in appellant's behalf. The former testimony appears to have been given on oath and counsel for appellant substantially cross examined the witness at that time. The issues and parties in each instance were the same.

We conclude that the trial court did not err in admitting the prior testimony into evidence. *LaCount v. State,* 237 Ga. 181 (1) (227 SE2d 31) (1976); *Rini v. State,* 236 Ga. 715 (1)(a) (225 SE2d 234) (1976); *Littles v. State,* 236 Ga. 651 (224 SE2d 918) (1976). For an excellent discussion of the question see Judge Smith's opinion in the recent case of *Prater v. State,* 148 Ga. App. 831 (5) (253 SE2d 223) (1979).

Appellant also urges that Dr. Sullenger was not qualified as an expert and for this reason the opinions given in his testimony should not have been allowed. The trial court received testimony from a former district attorney of Chatham County who had personal knowledge of certain facts. That witness testified that Dr. Sullenger had been in charge of the Chatham County branch of the State Crime Laboratory since approximately 1953 or 1954. He also said Dr. Sullenger had testified in virtually all of the cases which were tried in that judicial circuit following the opening of the laboratory to the date that the preliminary hearing was held, in which firearms comparisons were necessary. He estimated that Dr. Sullenger testified in 35 to 50 murder cases which involved firearms identification and that he had been permitted to testify as an expert in firearms identification in all of those instances. Additionally, portions of the previous transcript referred to testimony by Dr. Sullenger which indicated that he had testified many times as a ballistics expert. He also gave testimony describing the method he used in testing and examining the bullets which were compared for evidence in the instant case. After considering this evidence the trial court permitted Dr. Sullenger's testimony as an expert. In such circumstances the trial judge has a discretion in accepting or rejecting the qualifications of the expert, and his judgment in that respect will not be disturbed on appeal unless abused. See many cases cited in Agnor's Ga.

Evidence § 9-5. "To qualify as an expert . . . generally all that is required is that a person must have been educated in a particular skill or profession: his special knowledge may be derived from experience as well as study. [Cits.] Formal education in the subject at hand is not a prerequisite for expert status." *Bowden v. State,* 239 Ga. 821, 826 (3) (238 SE2d 905) (1977) (cert. den. 435 U. S. 937) (1978); *Brown v. State,* 140 Ga. App. 160, 162 (5) (230 SE2d 128) (1976) (cert. den. 434 U. S. 819) (1977).

We find no abuse of discretion in allowing Dr. Sullenger's prior testimony to be introduced in evidence.

2. Appellant also contends that the trial court erred in permitting the reading of a portion of the 1962 preliminary hearing testimony which had been given by Detective Randolph Strickland, who died following the preliminary hearing. The portion of the transcript pertinent to the objection follows:

Detective Strickland: "We then placed Brown in the county jail. We then proceeded to the county jail. We talked to Floyd Brown and told him he was being charged with murder of Mrs. Inman; that his gun had been identified as the murder weapon."

Mr. Haupt, appellant's counsel: "Judge, that the question — that's the objectionable statement at that point, which you have overruled."

The court: "Very well."

Mr. Haupt: "And my objection was that that was for the ballistics expert to testify to and that's purely hearsay of this police officer." The objection was overruled.

The state conclusively showed that the witness was dead, and therefore unavailable for testifying. The state also showed that the witness was subjected to substantial cross examination by defendant's counsel at the preliminary hearing and this cross examination was also admitted in the evidence in the second trial.

Appellant urges that the admission of the testimony over his objection was improper because there was no attempt by the state to qualify Detective Strickland as an expert in ballistics. Contrary to appellant's contentions, Detective Strickland was not giving his expert opinion to

the jury, but was relating to appellant personally that someone had identified appellant's gun as the murder weapon. The statement was addressed directly to the appellant. It explained the conduct of the witness in telling the subject why he was charged. To that extent it was not hearsay but original evidence. Code Ann. § 38-302.

Even if the jury might conclude that the detective was quoting the finding of another person, it was merely cumulative of the testimony of Dr. Sullenger as to the identity of the murder weapon, and the error, if any, was harmless. Harm, as well as error must be shown to grant a reversal. *Stephens v. Hopper,* 241 Ga. 596 (2) (247 SE2d 92) (1978); *Bryant v. State,* 236 Ga. 790, 792 (225 SE2d 309) (1976); *Robinson v. State,* 229 Ga. 14, 15 (189 SE2d 53) (1972).

*Judgment affirmed. All the Justices concur.*

SUBMITTED DECEMBER 14, 1979 — DECIDED APRIL 9, 1980.

*Reginald C. Haupt, Jr.,* for appellant.

*Andrew J. Ryan, III, District Attorney, Robert M. Hitch, III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.