59926. ETTERLE et al. v. THE STATE.

BIRDSONG, Judge.

This appeal is from verdicts of guilty of offenses of arson and burglary. Appellants urge that the trial court erred in admitting in evidence the appellants' confessions; and in insubstantially and erroneously charging the law of confessions and corpus delicti. *Held:*

1. The allegation that there was not "ample basis to conclude that the defendants' confessions were given freely and voluntarily," and that therefore the trial court erred in admitting them, is without merit. The Supreme Court held in *High v. State,* 233 Ga. 153, 154 (210 SE2d 673) that in proving a voluntary confession at the Jackson-Denno hearing, "the state [is] required . . . to show voluntariness only by a preponderance of the evidence." In the case before us, the investigating officer testified that the appellants were fully advised of their Miranda rights and that the confessions were made without the slightest threat or promise of benefit. Appellants testified that they were made nervous, upset and afraid and that they were slapped around and hollered at. " 'Factual and credibility determinations of this sort made by a trial judge after a suppression hearing must be accepted by appellate courts unless such determinations are clearly erroneous.' " *High,* supra, p. 154. The trial judge is the trier of facts in this matter, and resolves all issues of truthfulness placed before him (*Williams v. State,* 148 Ga. App. 55 (250 SE2d 848)); we do not disturb his finding if there is any evidence for it. *Megar v. State,* 144 Ga. App. 564 (241 SE2d 447). The trial court's determination in this case is supported by testimony that no threats or promises were made and that the confessions were voluntary; whether that testimony preponderates in the case was a question for the trial court, and as we do not find the verdict clearly erroneous, it must be affirmed. *High,* supra. Moreover, the same determination was reached by the jury, after appropriate instruction.

2. We do not find error in the trial court's charge. The trial judge instructed that "a confession alone uncorroborated by any other evidence shall not justify a conviction," and "a confession of guilt

freely and voluntarily made . . . is direct evidence of the highest character and sufficient to authorize a conviction when corroborated by proof of the corpus delicti." We do not find this charge to be nebulous or confusing, or that it implies that corpus delicti could be established by the confession alone. The appellants' confessions were corroborated by evidence of the corpus delicti, as well as by evidence tending to connect appellants with the perpetration of the crime. The charge was not misleading in part or as a whole, nor was the evidence insufficient to support the verdict upon the grounds alleged in the appeal.

*Judgment affirmed. Deen, C. J., and Sognier, J., concur.*

SUBMITTED MAY 6, 1980 — DECIDED
JULY 8, 1980.

*Jerry M. Daniel,* for appellants.
*Richard E. Allen, District Attorney, William H. Lumpkin, Assistant District Attorney,* for appellee.