### 36694. STIDEM v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of the murder of Ms. Caroline Arledge, who was the night clerk at a Stop and Shop convenience store in Statesboro, Georgia. The appellant was sentenced to life imprisonment. He appeals. We affirm.

In their investigation of the case, it came to the attention of the police that the appellant had told someone that one Ricky Brinson had committed the murder. The appellant gave the police a written statement that Ricky Brinson had told him that he had killed the victim. After the police determined that Brinson could not have

committed the murder, they interviewed the appellant again and they ultimately elicited five more statements from him. (Four of these statements are written; one is oral.) In various of these statements, the appellant divulged certain information concerning the crime which had not been released to the public, i.e., that the victim had been struck several times, the position of the victim's body, and a description of a car passing by the Stop and Shop at the time of the murder. In these statements, the appellant initially maintained that he had seen Brinson commit the murder; however, the appellant later recanted his incrimination of Brinson and admitted that Brinson did not do it. In the next-to-the-last statement which the appellant gave the police, he stated that he had been with one George Long on the night of the murder, and Long had driven him to a laundromat near the Stop and Shop in order to get cigarettes. Being unable to get any cigarettes at the laundromat, the appellant went to the Stop and Shop. At the Stop and Shop, the appellant stated that he approached Brinson as Brinson was striking the victim and that he, the appellant, took the victim's purse and later placed it in a shed near his grandmother's home. In the last statement given by the appellant to the police, he stated that he was with George Long on the night of the murder and that Brinson had requested that he and Long accompany Brinson to the Stop and Shop to "knock it off," but they declined.

Prior to making each of the foregoing statements, the appellant was given his Miranda warnings and he signed a waiver-of-counsel form. Each of the written statements was introduced in evidence as an exhibit at trial.

At trial, Brinson testified that on the night of the murder, he was drunk at his aunt's house and that he was in an incapacitated condition. This alibi was confirmed by testimony of the aunt's daughter. George Long testified at trial, and he verified that he was with the appellant on the night of the murder. Long testified that toward the latter part of the evening, he drove the appellant to a laundromat, and, after the appellant returned to the car, "he was quiet, he was very much to himself. He was not talkative." A police officer testified at trial that he had searched a pile of burnt trash in a shed near the appellant's grandmother's house, and he had found certain items that could have been the victim's purse and various contents thereof.

Jessie Marshall testified under oath at the appellant's preliminary hearing that the appellant had visited him at the Bulloch County Correctional Institution and that the appellant had admitted during this visit that he had killed Ms. Arledge. The appellant was represented by counsel at his preliminary hearing, and counsel

conducted a cross-examination of Marshall. At the appellant's trial, it was established that Marshall was inaccessible in that he had escaped from prison and had not been recaptured. Over the appellant's attorney's objection that this violated the appellant's Sixth Amendment right of confrontation, the transcript of Marshall's testimony at the preliminary hearing was introduced in evidence as an exhibit at trial.

In the appellant's enumeration of errors, he argues that the trial court erred in admitting in evidence as exhibits for review by the jury the transcript of Jessie Marshall's testimony at the preliminary hearing and the statements given by appellant to the police. In the appellant's brief, his argument is that the trial court erred in permitting the above-described exhibits to be in the possession of the jury in the jury room during their deliberations.

1. The trial court did not err in admitting the transcript of Jessie Marshall's testimony at the appellant's preliminary hearing. See Code § 38-314; *Brown v. State,* 245 Ga. 588 (1) (266 SE2d 198) (1980) and cits.

2. The trial court did not err in admitting the statements given by appellant to the police. Prior to admitting these statements, the trial court conducted a Jackson v. Denno hearing and determined that the statements were made by the appellant freely and voluntarily. We cannot say that this ruling in favor of admissibility is erroneous.

3. Assuming that the written statements given by appellant to the police and the transcript of Marshall's preliminary hearing testimony were allowed to go out with the jury during their deliberations, the appellant has waived his right to complain of this on appeal by failing to object at trial. "All writings introduced in evidence in lieu of testimony from the witness stand, such as interrogatories, depositions, dying declarations, and confessions of guilt of a defendant or of an alleged coconspirator, which depend entirely for their value on the credibility of the maker, should not be in the possession of the jury during their deliberations. Where any of such papers are delivered to the jury, *over timely objections,* a new trial must be granted." (Emphasis supplied.) *Royals v. State,* 208 Ga. 78 (2) (65 SE2d 158) (1951).

We note, in addition, that there is nothing in the record to substantiate the appellant's argument that this did in fact occur. The appellant sought to prove that these exhibits were sent out with the jury through an affidavit of one of the jurors, which was submitted with the motion for new trial. However, this affidavit has not been made part of the record.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 19, 1980 — DECIDED
NOVEMBER 5, 1980.

*Robert Simmons Lanier, Jr.,* for appellant.
*J. Lane Johnston, District Attorney, William F. Todd, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.