## 60839. ABERNATHY v. THE STATE.

BIRDSONG, Judge.

Appellant Abernathy appeals, on general grounds, his conviction for carrying a pistol without a license; aggravated assault; and aggravated assault with intent to rob.

The appeal is without merit. The criminal incident involved an

attempted armed robbery of a Church's Fried Chicken establishment. It was alleged and the trial judge found that the co-defendant, Durrah, used a pistol to demand money from the cashier. Before Durrah could collect any money, he was halted by a stake-out police officer. Appellant Abernathy (with some other persons who were customers) rushed out the front door where he was met by a second stake-out police officer. This second police officer testified that Abernathy pointed a gun at him, whereupon he shot Abernathy in the abdomen. He testified that he retrieved this gun, which had fallen beside Abernathy, and handed it to another officer who arrived on the scene. Two guns, one identified as Durrah's and one as Abernathy's, were admitted into evidence. No person testified that Abernathy was seen in the store building with a gun; no person other than the officer who shot him testified that Abernathy was ever seen with a gun. No fingerprint tests were made of the gun Abernathy used and, apparently, none of the five or ten customers in the store were interviewed by the state and none produced as witnesses.

The co-defendant Durrah's defense was that he was not trying to rob the store, but that he had been selling cocaine for the store manager and was leaving his gun in pawn for the drug transaction, and that he did not know Abernathy. Abernathy's defense was that he went to the store with some friends to get some chicken, that he was not involved in an attempt to rob the store, and that he never at any time had a gun. For the defense, several persons testified variously that they were with Abernathy and he had no gun; and one said she had been in the fried chicken store with Abernathy and had overheard Durrah talking about cocaine to the store manager. She and the others testified they drove off and left Abernathy at the store as soon as they heard the commotion and the gunshot. The evidence showed that Durrah and Abernathy lived near each other on the same street in Atlanta.

While the evidence is in conflict, the testimony of the police officer that Abernathy exited the store with a gun and pointed it at him, if believed, is sufficient to satisfy a rational trier of fact beyond any reasonable doubt that the appellant Abernathy was guilty as charged. *Baldwin v. State,* 153 Ga. App. 35, 37 (264 SE2d 528). Determinations of fact and the credibility of the witness are the function of the trial judge. *Johnson v. State,* 233 Ga. 58 (209 SE2d 629); *Etterle v. State,* 155 Ga. App. 210 (270 SE2d 376); *Williams v. State,* 148 Ga. App. 55 (250 SE2d 848). On appeal, we do not weigh the evidence but look only to see if the verdict below is supported by the evidence. *Howard Sheppard v. McGowan,* 137 Ga. App. 408, 410-411 (244 SE2d 65). The presumption of innocence no longer prevails at this stage; the fact finder has determined the credibility of the

witnesses and has been convinced beyond a reasonable doubt, and on appeal, we find that his judgment is supported by the evidence. *Powers v. State,* 150 Ga. App. 25 (256 SE2d 637).

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 9, 1981.

*R. Allen Hunt,* for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys,* for appellee.