## 61562. DENNIS v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offenses of enticing a child for indecent purposes and aggravated sodomy. Defendant appeals. *Held:*

1. A police officer testified that the victim had shown him the place where the incident had occurred. The police officer was shown the store to which defendant had taken the victim and the vicinity in which defendant "took him off in the woods at." The officer testified that all of these locations were in Lowndes County. The testimony was sufficient to establish venue. *Martin v. State,* 225 Ga. 234, 235 (1) (167 SE2d 638); *Clark v. State,* 222 Ga. 802 (1) (152 SE2d 692).

2. Enticing a child for indecent purposes, in violation of Code Ann. § 26-2020 (Ga. L. 1968, pp. 1249, 1302), is not included in the offense of aggravated sodomy prohibited by Code Ann. § 26-2002 (Ga. L. 1968, pp. 1249, 1299). Each of these offenses involves proof of distinct essential elements. The defendant's conviction for enticing a child for indecent purposes is predicated on the evidence of defendant's conduct in taking the victim, a child of less than 14 years, to any place whatsoever for the purpose of indecent acts. Evidence of this conduct was not necessary to prove aggravated sodomy, which includes no element of asportation. *Thomas v. State,* 128 Ga. App. 538, 541 (2) (197 SE2d 452).

A violation of Code Ann. § 26-2020, supra, occurs when a person "solicits, entices or *takes*" (emphasis supplied) a child under 14 years of age to any place for the purpose of indecent acts. As there is ample evidence of defendant's *taking* the victim in his motor vehicle to a place for the purpose of indecent acts it is immaterial whether there is also evidence of defendant's enticing, inviting, or persuading the victim to go with him.

Defendant's reliance on *Sanders v. State,* 145 Ga. App. 73 (243 SE2d 274) is misplaced. In that case there was no issue of defendant's *taking* the alleged victims to a place. Instead, the issue was whether the alleged victims had been enticed to defendant's home. The decision of this court therefore focused on the issue of enticement while implicitly acknowledging that there was no evidence of that defendant *taking* the victims to any place for the purpose of indecent

acts.

3. The victim was examined by a physician for evidence of sexual abuse. The physician took a sample from the victim's rectum which was sent to the laboratory where it was analyzed for the presence of sperm. Two medical technologists from the hospital's laboratory testified that they observed under a microscope in the smears and the slides of the items sent to the laboratory, human sperm. This testimony of these two witnesses was admitted over defendant's objection that the medical technologists were not qualified experts.

Defendant argues that the trial court abused its discretion in allowing these witnesses to testify as experts, arguing that their testimony as to their qualifications failed to establish their expertise. Defendant relies on the testimony that one of the witnesses did not participate in preparing the smears observed under microscopes and gave no testimony of prior experience identifying sperm under a microscope. The other witness stated that she had observed human sperm under a microscope previously but did not testify as to how many times she had previously done so.

Both of the medical technologists had received four-year college Bachelor of Science degrees with concentrations in medical technology or biology. One of the witnesses testified as to an additional twelve-month internship. Both witnesses were licensed and certified medical technologists experienced in their profession, one for five years and the other for over one year. One of the witnesses testified that a medical technologist works in the laboratory and performs any type of laboratory test that is done there and gives results.

Whether or not a witness is allowed to testify as an expert is a question for the sound discretion of the trial court and such discretion, unless abused, will not be disturbed. *Rouse v. Fussell,* 106 Ga. App. 259 (4) (126 SE2d 830). Generally nothing more is required to entitle one to give testimony as an expert than that he has been educated in the particular trade or profession; and special knowledge involving a particular subject may be derived from experience as well as study and mental application. *Carter v. Marble Products Inc.,* 179 Ga. 122 (1) (175 SE 480); *Frazier v. State,* 138 Ga. App. 640, 645 (227 SE2d 284). Even though the evidence as to these witnesses' qualifications related more to their studies than to their level of experience with the specific laboratory determination involved here, we find no abuse of discretion by the trial court. *Tate v. State,* 142 Ga. App. 487 (1) (236 SE2d 173).

4. Defendant contends that the trial court erred in allowing hearsay testimony by the physician who examined the victim that the

laboratory report sent to him indicated the presence of sperm. Any error in admitting this testimony was not harmful to defendant as this evidence is merely cumulative of properly admitted evidence. See *Welch v. State,* 237 Ga. 665, 676 (12) (229 SE2d 390); *Bryant v. State,* 236 Ga. 790, 792 (1) (225 SE2d 309); *Williams v. State,* 144 Ga. App. 130, 133 (2) (240 SE2d 890).

5. When the victim's 10-year-old brother was called as a witness for the state, defendant objected to his competency. As required by Code § 38-1610, the trial court examined the witness (outside the presence of the jury) as to this issue. See *Geter v. State,* 231 Ga. 615, 617 (203 SE2d 195). The trial court then offered counsel the opportunity to examine the witness as to the competency issue. The assistant district attorney declined. Defense counsel accepted. Defendant now enumerates as error the restraints placed on his examination of the witness on the competency issue arguing that a "thorough and sifting cross-examination" of the witness should have been allowed to determine the child's competency.

After an objection as to the competency of a witness, the duty to examine the witness and determine his competency rests with the trial court. Code Ann. § 38-1610; *Geter v. State,* 231 Ga. 615, 617, supra. Although our decision in *Williams v. State,* 148 Ga. App. 55, 57 (3) (250 SE2d 848) found no fault in that trial court's permitting counsel to question the witness during the competency examination before or after the court questions the witness, we find no authority requiring such a procedure. Therefore, where counsel is permitted to examine the witness as to the competency issue, the parameters of such inquiry rest within the broad discretion of the trial court. Additionally, in the case sub judice, the questions disallowed during examination by defense counsel were either irrelevant to the question of competency or argumentative. *Key v. State,* 147 Ga. App. 800, 802 (7) (250 SE2d 527).

6. The evidence did not raise any issue authorizing defendant's requested charges as to the offenses of simple assault, simple battery, or aggravated assault. *Hill v. State,* 229 Ga. 307, 308 (191 SE2d 58); *Tuggle v. State,* 149 Ga. App. 844, 845 (6) (256 SE2d 104).

7. The trial court refused to give Code § 38-1607 in its charge to the jury. Since the question of the competency of the victim's 10-year-old brother was one of law for the trial court to determine, the court did not err in refusing to give in charge to the jury this requested language which was relevant only to that issue. *Ellison v. State,* 197 Ga. 129 (2) (28 SE2d 453).

8. The competency of the victim's 10-year-old brother having been determined as a matter of law by the trial court, there was no error in the trial court's refusal to charge the jury "that testimony of a

child of such tender age should be corroborated by other testimony." Compare *Overton v. State,* 230 Ga. 830, 833-834 (2) (199 SE2d 205), having reference to the crime of rape which in 1973 required corroboration of the female prosecutrix' testimony.

9. Defendant's seventh enumeration of error is supported by neither argument nor citation of authority and therefore deemed abandoned. Rule 15 (c) (2) (Code Ann. § 24-3615 (c) (2)).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 10, 1981 — REHEARING DENIED MARCH 30, 1981 —

*H. B. Edwards III,* for appellant.

*H. Lamar Cole, District Attorney, Richard Shelton, Assistant District Attorney,* for appellee.