**SECOND DIVISION
BARNES, P. J.,
MILLER, and RAY, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**August 9, 2013**

# In the Court of Appeals of Georgia

A13A1253, CLARK v. STATE

BARNES, Presiding Judge.

Charles Clark appeals the denial of his motion for new trial following his conviction for enticing a child for indecent purposes. He contends that the evidence was insufficient to support his conviction. For the reasons discussed below, we affirm.

Clark argues that the State failed to prove the elements of enticement under OCGA § 16-6-5, and thus the evidence does not sustain his conviction. We disagree.

> On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence. We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

(Citations and punctuation omitted.) *Brown v. State*, 318 Ga. App. 334 (733 SE2d 863) (2012). See also *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979).

So viewed, the evidence shows that Clark taught swimming at Martin Luther King, Jr. Middle School in January 2010, where the 15-year-old victim was an eighth grade student. The victim did not enjoy school, and she often went to her mentor's office instead of attending her classes. She spent the morning of January 22, 2010, with her mentor and the guidance counselor. After their meeting, the counselor gave the victim a pass to class and asked Clark, who left the office shortly afterward, to make sure that she turned in the direction of her classroom. Instead, Clark overtook the victim in the hall, told her that she had to clean the pool as punishment for skipping class, and accompanied her to the pool area. When she finished, he asked if she wanted to "get out of here," to which she replied "hell, yeah." Clark asked her to meet him behind the library so that they would not be seen leaving together.

The victim accompanied Clark to an ATM where he withdrew $160. Clark then paid for a cab, a MARTA train, and a bus to take them to the Fulton Inn. The victim was under the impression that they were going somewhere to drink alcohol and smoke marijuana, which Clark knew she enjoyed. En route, Clark told the victim that

when he had seen nude photographs of her that had circulated among teachers at the school he was "like, wow." When they arrived at the motel, Clark instructed the victim to "sit down and act like a little girl" while he checked in to a room. Once inside, he asked her what she liked to drink, and she requested strawberry Smirnoff and gin. Clark returned from the liquor store with both, and the victim proceeded to drink almost all of the liquor herself. Clark also produced two marijuana cigarettes, which they smoked together. The victim testified that Clark performed oral sex on her and raped her after she was too intoxicated to resist. In an interview with police, Clark admitted to inviting the victim to his motel room, but he denied any sexual contact.

A jury found Clark guilty of enticing a child for indecent purposes and contributing to the delinquency of a minor. It acquitted him of the charges of rape, aggravated child molestation, statutory rape, child molestation, and sexual assault against a person in school.

Clark contends that "the State failed to prove that he committed an act of soliciting, enticing, or taking within the meaning of OCGA § 16-6-5" because he merely released the victim from school, a place that she had voluntarily left because she did not want to be in the first place. He further asserts that he did not lure her to

the Fulton Inn for the purpose of engaging in sexual intercourse, as alleged in the indictment. We are not persuaded.

"A person commits the offense of enticing a child for indecent purposes when he or she solicits, entices, or *takes* any child under the age of 16 years to any place whatsoever for the purpose of child molestation or indecent acts." (Emphasis supplied.) OCGA § 16-6-5. As there is ample evidence that Clark *took* the victim in a taxi, a train, and a bus to a place for the purpose of indecent acts, it is immaterial whether there is also evidence of enticing, inviting, or persuading the victim to go with him. See *Dennis v. State*, 158 Ga. App. 142, 142 (2) (279 SE2d 275) (1981).

> The crime of enticing a child for indecent purposes in violation of OCGA § 16-6-5 requires the showing of a joint operation of the act of enticing a child and the intention to commit acts of indecency or child molestation. Accordingly, neither the act of enticing a child without the requisite intent nor the intent to commit acts of indecency or child molestation without the requisite act would constitute a crime under OCGA § 16-6-5.

(Citation omitted.) *Carolina v. State*, 276 Ga. 298, 301 (1) (a) (623 SE2d 151) (2005).

"The evidence clearly authorizes a finding that appellant ... entice[d] the child away from school for the purpose of engaging in sexual intercourse with her....That the child herself may [have] willingly allowed herself to be enticed is of no

4

consequence." *Coker v. State*, 164 Ga. App. 493, 494 (1) (297 SE2d 68) (1982). The victim testified that Clark asked her if she wanted to leave school and arranged to meet her by the library, ostensibly so that they could leave school grounds together. He financed their trip across town in a taxi, a train, and a bus. The victim also testified that Clark had been asking about her weekend plans after seeing nude pictures of her. This combined evidence would support a finding that Clark took the victim to the Fulton Inn for the purpose of having sexual intercourse with her.

When construed most strongly in favor of the verdict, the evidence is sufficient for a rational trier of fact to find proof beyond a reasonable doubt of Clark's guilt.

*Judgment affirmed. Miller and Ray, JJ., concur.*