## 37462. GAYLOR v. THE STATE.

MARSHALL, Justice.

We have granted the defendant's requested out-of-time appeal from his conviction of murder and life sentence, it appearing that, prior to the overruling of the defendant's motion for new trial, his counsel accepted the position of Assistant District Attorney in the Blue Ridge Judicial Circuit, thereby becoming disqualified to further represent the defendant in the prosecution of his appeal; that the trial judge has appointed substitute defense counsel; and that the prosecution has stipulated to the defendant's right to an out-of-time appeal.

1. In the trial judge's inquiry into the circumstances under which the appellant had made admissions of guilt, the judge asked the state's witness, a police detective, "How did it come about? You all arrested him on another charge?" The nature of the other charge (possession of marijuana) was not brought out. Immediately after the appellant's motion for mistrial on the ground that his character had been unlawfully placed in issue, the judge instructed the jury, "Ladies and gentlemen of the jury, in asking this witness a question, I made reference to — as to why he may have had him in the car. That was a mistake on the part of the court and you will disregard it altogether."

Even if the judge's question was error, harmful error has not been shown, since corrective instructions were given and counsel thereafter failed to request further instructions or renew his motion for mistrial. *Chandler v. State,* 143 Ga. App. 608 (2) (239 SE2d 158) (1977) and cits.

Enumerated error 1 is without merit.

2. The appellant complains of the admission in evidence of two photographs of the deceased's body in his truck. "It has long been settled in this state that photographs of the scene of a crime, the body of the victim and articles of clothing worn by the victim when

properly identified, are admissible in evidence notwithstanding that they may be cumulative of other testimony and evidence presented. [Cits.]" *Mize v. State,* 240 Ga. 197 (1) (240 SE2d 11) (1977).

Enumerated error 2 is without merit.

3. The appellant contends that he was illegally arrested due to an allegedly defective search warrant lacking probable cause, hence that his subsequent voluntary statement, made after having been advised of his Miranda rights, was inadmissible, as the constitutionally tainted fruit of the illegal arrest. See Dunaway v. New York, 442 U. S. 200 (99 SC 2248, 60 LE2d 824) (1979).

The appellant was arrested during the execution of a search warrant for a certain pistol at his premises upon the discovery of contraband (marijuana), a violation of the Georgia Controlled Substances Act. Prior to the issuance of the search warrant, the affiant affirmed under oath his two-hour oral statement to the magistrate, who summarized and reduced it to writing, which was to the effect that the police had information from certain identified college students who were citizen informers that the appellant's vehicle had been identified as very closely resembling the vehicle observed at the scene of, and about the time of, the crime; and that the appellant had been identified as closely resembling the person observed in that same vehicle at the scene of the crime. In addition, the magistrate was informed that members of the victim's family had placed the victim in the company of the defendant at the time of the murder. The magistrate was also informed that the police had information that the defendant had been attempting to sell a pistol of the same type as the murder weapon. In our opinion, this information was sufficient to authorize the magistrate in finding probable cause. See *Devier v. State,* 247 Ga. 635 (277 SE2d 729) (1981).

The discovery of the marijuana in a sugar bowl did not result from a search beyond the scope of the warrant, as the officer explained he was searching for bullets. The search and consequent arrest were therefore legal.

Enumerated error 3 is without merit.

4. The appellant complains that his transcribed statement was allowed to go out with the jury during its deliberations, contrary to *Walker v. State,* 215 Ga. 128 (2) (109 SE2d 748; 927) (1959). However, this right to complain may be waived by failure to timely and specifically object at trial. See *Stidem v. State,* 246 Ga. 637 (3) (272 SE2d 338) (1980). The appellant's objection at trial was to the admission of the statement in evidence, which would mean that it would go to the jury room in addition to having a witness testifying to it. Upon being informed that the state would concede to the appellant's objection to such a "double tender" and would not have

the witness read the statement, the appellant apparently abandoned his objection.

Enumerated error 4 is without merit.

5. The trial court did not err in refusing to direct a verdict of acquittal or in overruling the appellant's motion for new trial on the general grounds.

There was evidence as follows. The victim operated an automobile repair shop and wrecker service. His wife testified that, at 10:00 p.m. on the night of his murder, the victim received a phone call requesting wrecker service. The appellant's in-custody statement, admitted in evidence after a Jackson v. Denno hearing, admitted calling the victim to come see what was the trouble with his car; however, two witnesses observed him make the call *then* drive off in the direction of the scene of the crime. The victim's son testified that the appellant had been a regular customer of the victim's repair shop for about six years; that the appellant had expressed the opinion that a transmission that the witness and his father had located for the appellant would not fit his car; and that, at 5:30 p.m. on the day after the murder, the appellant had driven by the victim's shop, looking in, and his car had on its sides red mud matching that of the dirt road on which the victim's body was found. A group of college fraternity members and pledges who happened to come by the scene of the crime — a deserted road leading up a mountain — testified that they observed a parked car with an occupant, matching the descriptions of the appellant and his car, and the victim's wrecker approaching with flashing lights. They later heard three gunshots. The victim's son testified that he found his dead father in his wrecker on the side of the road with the driver's door open, headlights and beacon lights on, the ignition key on, the battery dead, and three gunshot wounds, of which he had died. The appellant, in his in-custody statement, admitted having drunk four or five beers that night and admitted shooting the victim. He contended that he shot him in self-defense, thinking that the victim was going to shoot him because he was angry for having come out there for nothing (having found nothing wrong with the appellant's car), and because the victim had run him off the victim's property twice before, once with a pistol.

The evidence, viewed in the light most favorable to the verdict rendered, was sufficient to enable a rational fact finder to find the appellant guilty of murder beyond a reasonable doubt.

*Judgment affirmed. All the Justices concur, except Hill, P. J., and Smith, J., who concur in the judgment only.*

DECIDED JUNE 17, 1981 —
REHEARING DENIED JULY 7, 1981.

*Brown & Pape, Timothy A. Pape,* for appellant.

*F. Larry Salmon, District Attorney, Arthur K. Bolton, Attorney General, Charles E. Brown, Staff Assistant Attorney General,* for appellee.