## 38032. GREGORY v. GREEN.

SMITH, Justice.
Walter D. Gregory appeals from the denial of his petition for

---

[1] The record in this case reflects that appellee does not seek specific performance as a remedy.

writ of habeas corpus. He is presently serving a ten-year sentence for aggravated assault. His conviction was affirmed by the Court of Appeals in *Gregory v. State,* 148 Ga. App. 176 (251 SE2d 130) (1978).

Gregory's complaint is that he received ineffective assistance of counsel as to his extraordinary motion for new trial based on newly discovered evidence. Pretermitting the question of petitioner's right to effective assistance of counsel on such a motion, we find that petitioner has failed to prove ineffective assistance of counsel and we therefore affirm.

The evidence in the record shows the following: In March of 1979, petitioner's retained attorney filed an extraordinary motion for new trial in Richmond County based upon statements of two allegedly newly discovered witnesses. Delays were caused by the inability of the attorney to obtain affidavits from the witnesses, who were serving sentences themselves, and by the death of the original judge. After petitioner expressed dissatisfaction with his attorney in a letter sent to the judge in April of 1980, the attorney withdrew.

Petitioner thereafter filed a habeas petition in Wayne County alleging ineffective assistance of counsel with respect to his pending extraordinary motion for new trial. The habeas proceeding was continued until the pending Richmond County proceeding could be disposed of. The court in Richmond County appointed another attorney to represent petitioner on his extraordinary motion for new trial. This motion was subsequently denied in December of 1980 and shortly thereafter habeas relief was also denied.

Petitioner was not denied effective assistance of counsel as to his extraordinary motion if, in any event, a new trial based on newly discovered evidence would not have been warranted. *Dick v. State,* 248 Ga. 898 (4) (287 SE2d 11) (1982). The burden was on petitioner to show in the habeas proceeding his entitlement to a new trial. He has failed to do so.

All the record shows with respect to the statements of the two witnesses is that, according to them, "the participation of [petitioner] in the events leading to his conviction was less than that testified to by the victim." Petitioner failed to show in the habeas proceeding: "(1) that the newly discovered evidence [came] to his knowledge since [his] trial; (2) that want of due diligence was not the reason that the evidence was not acquired sooner; [and] (3) that the evidence was so material that it would probably produce a different verdict." Id. at 900.

Petitioner having failed to establish that his failure to obtain a new trial was due to ineffectiveness of counsel, we affirm the denial of

his petition for writ of habeas corpus.
*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 24, 1982.

Walter D. Gregory, *pro se.*
Michael J. Bowers, *Attorney General,* William B. Hill, Jr.,
*Assistant Attorney General,* for appellee.