## 76825. SHIRLEY v. THE STATE.
(373 SE2d 257)

BEASLEY, Judge.

Defendant appeals his convictions of rape, OCGA § 16-6-1, and kidnapping, OCGA § 16-5-40. His enumerations of error raise the single question of the sufficiency of the evidence to sustain the verdict. See *Lewis v. State*, 186 Ga. App. 92 (1) (366 SE2d 305) (1988).

1. Even without a motion to dismiss the appeal, it is the duty of the reviewing court to entertain the threshold question of its jurisdiction where there may be any doubt. *Thurmond v. State*, 59 Ga. App. 333 (2) (200 SE 807) (1939); *Jackson v. State*, 203 Ga. 570 (47 SE2d 588) (1948). There is a motion by the State to dismiss on the ground that the notice of appeal was premature because a motion for new trial was still pending below.

Formerly, an appeal from a judgment on a verdict brought while the case was pending on motion for new trial was premature and of no validity. *Kurtz v. State*, 115 Ga. App. 665 (1) (155 SE2d 735) (1967); *Strauss v. Peachtree Assoc.*, 156 Ga. App. 536 (275 SE2d 90) (1980). This is no longer true for two reasons. First, the decision relied upon by the State, *Boothe v. State*, 178 Ga. App. 22 (342 SE2d 9) (1986), has been overruled by *Eller v. State*, 183 Ga. App. 724 (360 SE2d 53) (1987). See *Gillen v. Bostick*, 234 Ga. 308 (1) (215 SE2d 676) (1975). Thus, premature filing is not a ground of dismissal in criminal cases, at least insofar as a criminal defendant is concerned. Compare *State v. Rimes*, 177 Ga. App. 872 (341 SE2d 710) (1986).

Second, when confronted with a situation where one party timely filed a motion for new trial and the *other* party filed a notice of appeal within the statutory period in *Housing Auth. v. Geter*, 252 Ga. 196, 197 (312 SE2d 309) (1984), our Supreme Court recognized that a notice of appeal may divest the trial court of jurisdiction, but the divestiture is delayed until the motion for new trial is ruled upon and either a notice of appeal to that ruling is taken or the time for appeal has expired. The court also noted that the trial court may, on its own motion, grant a new trial within the statutory period even though a notice of appeal has been filed. OCGA § 5-5-40 (h). The opinion held that the proper means of placing the issue before the appellate court was to file a motion for stay of the direct appeal.

*Atkinson v. State*, 170 Ga. App. 260 (1) (316 SE2d 592) (1984), involved a defendant who filed both a timely notice of appeal and motion for new trial. This court interpreted *Geter* and determined that we had jurisdiction of the notice of appeal in the absence of a motion to stay. Accord *Rich v. Ga. Farm Bureau Mut. Ins. Co.*, 176 Ga. App. 663 (1) (337 SE2d 370) (1985). Defendant has not filed an application for a stay of the appeal. Nevertheless, because we are confronted with a timely motion for new trial and what is designated an out-of-time notice of appeal, the source of our judisdiction remains questionable and requires inquiry into the posture of this case.

Verdict was rendered on December 8, 1987, and defendant was sentenced that same day. Defendant discharged his retained counsel and the trial court appointed the Fulton County Public Defender on December 10 to represent defendant at a hearing to determine whether he was indigent. Apparently there was no hearing but on January 4, 1988, still within thirty days of judgment, the Public Defender was appointed as defendant's appeal counsel. The following day, defendant, who was by then at the Georgia Diagnostic Center at Jackson, mailed to the Fulton Superior Court Clerk a motion for new trial on the general grounds, a motion for appointment of counsel, a motion for leave to proceed in forma pauperis and an affidavit of poverty. These documents were received and filed on January 6, again

within 30 days of the final judgment. See OCGA § 5-5-40 (a). Defendant's subsequent request for a transcript was filed on January 11. On January 15 an inter-office memorandum from the clerk to the trial court recited that defendant's motion for new trial, filed on January 6, was pending and that no notice of appeal had been filed. On January 25, "[g]ood and sufficient reason having been shown," the trial court allowed defendant to file an out-of-time appeal, and notice of appeal was filed on January 27 by defendant's appointed counsel. A February 24 inter-office memorandum between clerk and trial court noted the pendency of the notice of appeal but recited that no motion for new trial was filed.

To apply the proper principles we must first ascertain the validity of the motion and the notice of appeal. Historically in Georgia, an out-of-time appeal was granted because to refuse to do so would deprive defendant of his constitutional rights. Among the initial cases recognizing the right to an out-of-time appeal was *Roberts v. Caldwell*, 230 Ga. 223 (196 SE2d 444) (1973), where on review of a habeas corpus action the Supreme Court found defendant was denied appellate counsel on his first appeal, relying upon *Swenson v. Bosler*, 386 U. S. 258 (87 SC 996, 18 LE2d 33) (1967), and *Douglas v. California*, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963). See *Wilson v. Downie*, 228 Ga. 656 (187 SE2d 293) (1972) [which determined that defendant waived his right to appeal]. Another landmark case, *McAuliffe v. Rutledge*, 231 Ga. 1 (200 SE2d 100) (1973) and 231 Ga. 745 (204 SE2d 141) (1974), involved the grant of an out-of-time appeal via habeas corpus because defendant was deprived of his first appeal by ineffective assistance of counsel who failed to obtain a timely extension of time for filing the transcript.

Deprivation of constitutional rights with respect to the appeal procedure continued to be the source of out-of-time appeal grants in subsequent cases. See *Thornton v. Ault*, 233 Ga. 172 (210 SE2d 683) (1975); *Hopkins v. Hopper*, 234 Ga. 236 (215 SE2d 241) (1975); *Kreps v. Gray*, 234 Ga. 745 (218 SE2d 1) (1975); *Bell v. Hopper*, 237 Ga. 810 (229 SE2d 658) (1976); *Brown v. State*, 239 Ga. 435 (238 SE2d 21) (1977); *Lay v. State*, 242 Ga. 225 (248 SE2d 611) (1978); *Williams v. Hopper*, 243 Ga. 475 (254 SE2d 854) (1979); *Deyton v. Davenport*, 245 Ga. 672 (266 SE2d 488) (1980); *Gregory v. Green*, 249 Ga. 102 (288 SE2d 197) (1982); *Webb v. State*, 254 Ga. 130 (327 SE2d 224) (1985). Implicit in those cases was the proposition that the statutory requirements, although described as jurisdictional, perforce had to yield to constitutional mandate. Cf. *Hester v. State*, 242 Ga. 173 (249 SE2d 547) (1978). As a consequence and by way of parallel development, a deprivation of the right to appeal because of some constitutional infirmity, which would be grounds for habeas relief, was used to allow an out-of-time appeal directly without requiring the procedur-

ally correct habeas corpus route.

An early example demonstrating this expedited process is *Cunningham v. State*, 232 Ga. 416 (207 SE2d 48) (1974), which, on certiorari from our dismissal of an appeal, required that the procedurally defective appeal be considered by this court because the abortive attempt to appeal by retained counsel denied defendant due process and equal protection of the law. For other examples, see *Gaylor v. State*, 247 Ga. 759 (279 SE2d 207) (1981); *Cochran v. State*, 253 Ga. 10 (315 SE2d 653) (1984); *Curry v. State*, 148 Ga. App. 59 (251 SE2d 86) (1978); *Mobley v. State*, 162 Ga. App. 23 (1) (288 SE2d 702) (1982); *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985); *Moore v. State*, 176 Ga. App. 882 (339 SE2d 271) (1985); *Conway v. State*, 183 Ga. App. 573 (359 SE2d 438) (1987).

Nevertheless, whether by way of habeas corpus or a more direct approach, the basis for permitting an out-of-time appeal must have rested upon an issue of constitutional dimension concerning the appeal itself, such as ineffective assistance of counsel resulting from failure to file a timely appeal or counsel's abandoning an appeal desired by defendant, or failure to advise defendant of his right to appeal. Contra, see *Mitchell v. State*, 157 Ga. App. 181 (1) (276 SE2d 864) (1981) [resting upon the principle of judicial economy]; *Johnson v. State*, 182 Ga. App. 477 (1) (356 SE2d 101) (1987) [stating that a constitutional issue was unnecessary but finding defendant was deprived of right to appeal through ineffective assistance of counsel].

An out-of-time appeal is unauthorized if the loss of the right to appeal was attributable to defendant sleeping on or waiving his rights. *Henry v. Hopper*, 235 Ga. 196 (219 SE2d 119) (1975). Accord *Westberry v. State*, 257 Ga. 617 (361 SE2d 826) (1987); *State v. Denson*, 236 Ga. 239 (223 SE2d 640) (1976); *Wilson v. Downie*, supra. *Cannon v. State*, supra, 743, decreed that the trial court's order "reveal a specific determination as to whether the right to appeal was lost as the result of ineffective assistance of counsel or of appellant's own conduct."

Because an appeal may be filed within 30 days of an order disposing of a motion for new trial, OCGA § 5-6-38 (a), the necessity for an out-of-time appeal based upon constitutional deprivation existed in this case only if the motion for new trial was procedurally defective or had been abandoned. From the record, no request was filed and thus no basis articulated for the grant of the out-of-time appeal. What exactly constituted the "good and sufficient cause" found by the trial court does not appear. Upon consideration of the appeal as initially presented, the record was also silent as to how defendant's counsel and the court viewed the motion for new trial, whether as valid or not. Thus, it was not clear that defendant had lost the right to appeal at the time of the out-of-time appeal grant, because the

efficacy of that determination hinged upon the status of the motion for new trial.

Prior to our publication of a decision in this appeal, the trial court entered an order on July 28, 1988, denying the motion for new trial which was duly forwarded to our clerk on August 18. Neither counsel informed this court of this postural change so vital to the issue of jurisdiction.

The disposition of the motion for new trial obviated all need for an out-of-time appeal since defendant had 30 days after entry of that judgment in which to file an ordinary appeal. Nevertheless, while the denial of the new trial motion was the demise of the notice as an out-of-time appeal, it served to vitalize it as a timely appeal. As a premature notice of appeal it became effective upon entry of a final judgment. *Hendrick v. State*, 257 Ga. 514 (fn. 1) (361 SE2d 169) (1987); *Stewart v. State*, 257 Ga. 211 (fn. 1) (356 SE2d 515) (1987); *Gillen v. Bostick*, supra; *Eller v. State*, supra.

The motion to dismiss is denied and we consider the case on its merits.

2. Since 1978 (Ga. L. 1978, p. 3), corroboration of the victim's testimony is no longer a requirement to authorize a conviction for rape. *Perry v. State*, 154 Ga. App. 385 (268 SE2d 747) (1980). The victim described acts which constituted the essential elements of both charged crimes. She testified that defendant struck her down on the street and forced her to accompany him in a red pick-up truck by poking a sharp object in her back. After driving her around for a long time, defendant took the victim to his apartment where, against her will, he had sexual intercourse with her several times. When she complained or struggled, he struck her. The victim finally escaped and notified her family who in turn reported the offenses to the police. According to witnesses and a contemporary photograph, the victim had facial bruises. A doctor's examination revealed injury around and trauma to her eye, and the presence of sperm in her vagina. Thus, the evidence, taking that version favorable to the verdict, was sufficient for a rational trier of fact to find defendant guilty beyond a reasonable doubt.

*Judgment affirmed. Birdsong, C. J., and Banke, P. J., concur.*

DECIDED SEPTEMBER 9, 1988.

*Harry J. Bowden*, for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Richard E. Hicks, Joyce M. Averils, Assistant District Attorneys*, for appellee.