### 77381. McGUIRE v. THE STATE.
(374 SE2d 816)

BANKE, Presiding Judge.

The appellant brings this out-of-time appeal from his convictions of rape and aggravated sodomy, pursuant to an order of the trial court allowing such an appeal based on "[g]ood and sufficient reason having been shown. . . ." *Held*:

1. The appellant enumerates as error the admission of similar transaction testimony regarding an incident which had occurred five years prior to the incident for which he was on trial. He contends that this testimony was inadmissible both because of a lack of similarity between the two incidents and because a rape charge brought against him as a result of the prior incident had been no-billed by a grand jury.

The appellant's argument that the two transactions were dissimilar is patently without merit. In both instances, the alleged victim testified that she and several others were riding home with the appellant from a social outing; that after first dropping off all of the other passengers, the appellant drove her to a secluded area for the expressed purpose of relieving himself; that she attempted to flee when the car stopped but was restrained by him from doing so; that the appellant thereupon assaulted her sexually in the back seat of the vehicle; and that he then calmly drove her to her destination.

"The exception to the general rule that evidence of independent crimes is inadmissible has been most liberally extended in the area of sexual offenses." *Johnson v. State*, 242 Ga. 649, 653 (250 SE2d 394) (1978). In the case before us, we have no hesitancy whatever in holding that the two transactions were sufficiently similar to render evidence of the earlier transaction admissible for the purpose of illustrating the appellant's motive, plan, scheme, bent of mind, and course of conduct. Accord *Davis v. State*, 180 Ga. App. 190 (2) (348 SE2d 730) (1986); *O'Neal v. State*, 170 Ga. App. 637 (1) (318 SE2d 66) (1984).

The fact that a grand jury had no-billed the criminal charge against the appellant resulting from the prior incident did not preclude the admission of the evidence, since "the *no-bill* left unresolved the issue of whether the defendant . . . was in fact the perpetrator of the prior offense. . . ." *Williams v. State*, 178 Ga. App. 581, 590 (344 SE2d 247) (1986).

2. During cross-examination by the state's attorney, the appel-

lant testified that during the social gathering from which he had given the alleged victim a ride home, he had noticed that the victim was sitting on the sofa with her pants unbuckled. Asked by the state's attorney whether he had made up his mind at that point to drop off his other passengers before taking the victim home, the appellant responded, "No sir . . . If I wanted to have sex that night I could have had sex with several of my friends, but I am not that type of person." The trial court ruled that by so testifying, the appellant had opened the door to the introduction of evidence concerning his past criminal record. Over the appellant's continuing objection, the state's attorney was thereupon permitted to question the appellant regarding whether he had been arrested on sex-related charges on various specific occasions in the past. We must agree with appellant that the trial court committed reversible error in permitting this line of questioning.

In *Jones v. State*, 257 Ga. 753, 758 (363 SE2d 529) (1988), the Georgia Supreme Court, overruling its short-lived decision to the contrary in *Phillips v. State*, 254 Ga. 370 (329 SE2d 475) (1985), held that "a defendant does not put his 'character in issue' within the meaning of OCGA § 24-9-20 (b) by inadvertent statements regarding his own good conduct." Under the *Jones* decision, the appellant's statement that he was "not that kind of person" clearly did not operate to place his character in issue so as to open the door to proof of his past criminal record. Moreover, assuming arguendo that the statement could be considered a denial by the appellant that he had committed any sexual offenses in the past, "his testimony [would] not be subject to rebuttal by proof of prior *arrests*." *Jones*, supra at 759. As the allowance of this line of questioning cannot be considered harmless under the circumstances, it follows that the appellant's convictions must be reversed.

3. We do not reach the appellant's contention that the trial court erred in refusing to grant a mistrial in response to certain alleged violations of the rule of sequestration, as this alleged error is unlikely to recur upon the retrial of the case.

*Judgment reversed. Birdsong, C. J., Deen, P. J., McMurray, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Beasley, J., dissents.*

BEASLEY, Judge, dissenting.

It is noted at the outset of the opinion that this is an out-of-time appeal. Because of the state of the record, the trial court's order permitting such should be vacated and the case remanded with direction, as was done in *Cannon v. State*, 175 Ga. App. 741 (334 SE2d 342) (1985). Cf. *Johnson v. State*, 182 Ga. App. 477 (356 SE2d 101) (1987). See the authorities cited in the dissent in *Conway v. State*, 183 Ga. App. 573, 575 (359 SE2d 438) (1987).

At the conclusion of the trial, the court called defendant forward again, after imposing sentence and excusing the jury, and informed him: "you have a right to file a motion for new trial in your case. If you desire to file such motion, it must be filed within 30 days of to-day. Moreover, the law provides that in lieu of filing a motion for new trial, you may go by direct appeal. If you desire to go by direct appeal you may file a notice of appeal, but such notice must be filed within 30 days. Moreover, there is a panel of superior court judges consisting of 3 in number who would review any sentence imposed by this court. If you desire for it to be reviewed, such application for review must also be filed within 30 days from today's date."

Final judgment was entered on October 16, 1987. No motion for new trial was filed but sentence review was applied for on November 12 by defendant's counsel. The sentence as imposed was affirmed by the panel on March 30, 1988.

In the interim, defendant wrote to the trial judge on January 11 and asked for an out-of-time appeal and for appointed counsel. As a basis for his request, he stated in the letter that he had been told by trial counsel that a motion for new trial and appeal had been filed, but that he later learned it had not been done.

Apparently based on this letter and the status of the case, and without hearing, the court appointed the public defender and on January 27 granted an out-of-time appeal. There is no evidence that the court inquired into the truth of defendant's assertions or the reason no timely appeal had been taken. The public defender filed a notice of appeal on January 27. This was more than two months beyond the statutory period provided. OCGA § 5-6-38 (a).

As we acknowledged in *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988) "an out-of-time appeal is unauthorized if the loss of the right to appeal was attributable to defendant sleeping on or waiving his rights." Thus, consideration of the merits is premature.

DECIDED OCTOBER 21, 1988.

*Harry J. Bowden, Jonathan J. Wade*, for appellant.
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Joseph J. Drolet, Assistant District Attorneys*, for appellee.