## A89A0359. PAYTEE v. THE STATE.
### (380 SE2d 92)

BEASLEY, Judge.

Defendant, convicted of violations of the Georgia Controlled Substances Act, OCGA § 16-13-30, appeals from a judgment entered on October 6, 1987. His notice of appeal was filed on January 21, 1988. By an order dated January 25 and entered on February 2 the trial court denied his motion for out-of-time appeal, made by the public defender, after the court found "no good and sufficient reason" was shown for granting it. No reason is asserted by counsel in the record. The order of denial is not appealed from and is ignored by appellant.

Defendant's out-of-time appeal must be dismissed for failure to follow the prerequisites of OCGA § 5-6-38 (a). *McKinney v. State*, 187 Ga. App. 702 (371 SE2d 196) (1988); *Knox v. State*, 180 Ga. App. 564 (349 SE2d 753) (1986). See *Martin v. State*, 185 Ga. App. 145 (1) (363 SE2d 765) (1987); *Shirley v. State*, 188 Ga. App. 357, 359-361 (373 SE2d 257) (1988).

*Appeal dismissed. Carley, C. J., Deen, P. J., Birdsong, Sognier, and Pope, JJ., concur. McMurray, P. J., Banke, P. J., and Benham, J., dissent.*

McMURRAY, Presiding Judge, dissenting.

In my view, the decision in *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821), requires that the case sub judice be decided on the merits rather than that the appeal be dismissed as held by the majority. I, therefore, respectfully dissent.

I am authorized to state that Presiding Judge Banke and Judge Benham join in this dissent.

BANKE, Presiding Judge, dissenting.

In *Evitts v. Lucey*, 469 U. S. 387 (105 SC 830, 83 LE2d 821) (1985), the United States Supreme Court upheld the grant of habeas corpus relief to a criminal defendant whose original appeal had been dismissed due to the omission on the part of his retained counsel to comply with a state appellate court rule, reasoning that "[a] first appeal as of right . . . is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney." Id. 469 U. S. at 396.

After the conviction in the present case was entered, the court was informed, by letter from the appellant's retained trial counsel dated October 29, 1987, that the appellant was without funds to pay for further legal services and wished to have the public defender appointed to represent him on appeal. On November 2, 1987, a few days before the expiration of the 30-day period for filing the appeal, the court entered an order making such an appointment. The record contains no explanation for why the notice of appeal was not thereafter filed in a timely manner.

In a case where *retained* counsel has failed to file a timely notice of appeal, the proper course might well be to dismiss the appeal and allow the reasons for such failure to be sorted out in subsequent habeas corpus proceedings. It is possible, after all, that the defendant might initially have decided not to pursue an appeal and then simply have changed his mind after the time for filing an appeal had expired. However, it is apparent from the record in the present case that the appellant did not voluntarily waive his right to an appeal. Thus, unless his appointed counsel's failure to file the notice of appeal in a

timely manner was for some reason legally excusable, it must necessarily have resulted from ineffectiveness. Under *Evitts v. Lucey*, supra, it is clear that the dismissal of the appeal under such circumstances will result in a violation of the appellant's due process rights, thereby entitling him to habeas corpus relief as a matter of law. Accordingly, in the interest of judicial economy, I agree with Presiding Judge Mc-Murray that we ought to reach the merits of the appeal rather than dismissing it.

I am authorized to state that Presiding Judge McMurray and Judge Benham join in this dissent.

DECIDED FEBRUARY 13, 1989.

*Cynthia D. Wright*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, John M. Turner, Rebecca A. Keel, Assistant District Attorneys,* for appellee.