## A89A0926. GORDON v. THE STATE.
(387 SE2d 40)

BEASLEY, Judge.

Defendant appeals his conviction for armed robbery (OCGA § 16-8-41 (a)).

1. "[I]t is the duty of the reviewing court to entertain the thresh-

old question of its jurisdiction where there may be any doubt. [Cits.]" *Shirley v. State*, 188 Ga. App. 357 (373 SE2d 257) (1988), cited in *Royal v. State*, 189 Ga. App. 756 (1) (377 SE2d 526) (1989).

Defendant was represented at trial by the public defender's office. He was sentenced on October 26, 1988, and on October 27, defendant's handwritten request for sentence review was filed. On December 19, beyond the 30 days mandated by OCGA § 5-5-40 (a), defendant's handwritten Motion for New Trial was filed. It contained as grounds: 1) the failure to sequester the jury over the weekend after deliberations had begun 2) the non-introduction of a transcript of his preliminary hearing at trial and 3) the lack of an appointed attorney for him during his preliminary hearing. There is no ruling on the motion in the record, although there is a note that it was set for hearing on June 23, 1989.

On January 13, 1989, a pro forma "Out of Time Notice of Appeal" was filed by trial counsel. At the same time, a form order submitted by counsel and signed by the trial judge was filed which stated: "Good and sufficient reason having been shown, it is hereby ordered that [defendant] be allowed to file an Out-of-Time Appeal in the . . . case." No further indication is given of what constituted "good and sufficient cause." See *Shirley*, supra at 360.

As of the date of this opinion, no ruling has been made in the trial court on the Motion for New Trial.

"When a motion for a new trial is made after the expiration of a 30 day period from the entry of judgment, some good reason must be shown why the motion was not made during such period, which reason shall be judged by the court." OCGA § 5-5-41 (a). In addition, the bases for granting an extraordinary motion are much stricter than a normal motion. *Dick v. State*, 248 Ga. 898, 899 (1) & (2) (287 SE2d 11) (1982).

In order for an out-of-time appeal to be granted, the basis "must have rested upon an issue of constitutional dimension concerning the appeal itself, such as ineffective assistance of counsel resulting from failure to file a timely appeal or counsel's abandoning an appeal desired by defendant, or failure to advise defendant of his right to appeal." *Shirley*, supra.

The trial court having granted the out-of-time appeal, we review the merits presented, leaving for the trial court's resolution the pending extraordinary motion for new trial. See *McGuire v. State*, 188 Ga. App. 891 (374 SE2d 816) (1988); *Paytee v. State*, 190 Ga. App. 291 (380 SE2d 92) (1989).

2. Defendant's sole enumeration claims error in the trial court's denial of his motion for new trial on the "general grounds." See *Stinson v. State*, 185 Ga. App. 543 (364 SE2d 910) (1988); *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988). The brief, after narrating

the evidence, is pro forma and undifferentiated so as to be tailored to this case. There is no argument addressed specifically to the evidence here.

It appears that defendant has overlooked that there has been no denial on the Motion for New Trial, which lack of a ruling presents nothing by way of the enumeration for our review.

To the extent it raises the sufficiency of the evidence, *Stinson*, supra, the evidence was sufficient. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979). Defendant admitted being in the car found near the robbed convenience store, stuck in the median, attempting a u-turn. The scarf and toy gun used in the robbery were in the trunk.

Defendant claimed his brother-in-law went in the store, committed the robbery, ran back, jumped in the car trunk, and told defendant to drive. He further testified that the brother-in-law ran off when he heard the police coming, after defendant opened the trunk to let him out. The jury was not obligated to accept this version of the event. OCGA § 24-9-80.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED OCTOBER 3, 1989.

*Jerry Boykin*, for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Constance C. Russell, Rebecca A. Keel, Assistant District Attorneys*, for appellee.