## A93A1288. DANIEL v. THE STATE.
### (439 SE2d 720)

Smith, Judge.

Michael Eugene Daniel was convicted after a jury trial of two counts of aggravated assault, OCGA § 16-5-21 (a); carrying a concealed weapon, OCGA § 16-11-126 (a); and possession of cocaine, OCGA §§ 16-13-30 (a) and 16-13-26 (1) (D). He appeals following the denial of his motion for new trial.

1. Daniel enumerates as error the admission of a prior conviction for misdemeanor obstruction of a law enforcement officer pursuant to OCGA § 16-10-24 (a). At trial, defense witness Calvin Leroy Bonner was asked whether Daniel had a "reputation for starting fights or beating people up." Bonner replied, without objection from the State: "No, sir, not to my knowledge. I've never seen it." Defense counsel then asked about Daniel's reputation generally. Bonner replied: "He's a nice going guy. Just a neighborhood guy that works on everybody's car for them. He didn't actually bother anybody. . . . And other than that, I never have known him or seen him to provoke anybody, as far as any actions, to harm them or hurt them or distract them in any way."

Prior to cross-examination, and outside the presence of the jury, the State moved to introduce the prior obstruction conviction for impeachment purposes. Defense counsel responded that the prior conviction "doesn't mean a violent act." The court observed that Daniel's character had been placed in issue and overruled the objection without commenting on its substance.

The jury returned, and the State then asked Bonner whether he was aware of the prior obstruction conviction. Bonner replied that he was aware of the accusation from "the news media" but was not aware of the conviction. The State then asked, without objection: "Now with the knowledge that prior to this incident that he's been found guilty by a jury, February 1, 1991, of obstruction of a police

officer, does that change your opinion about his propensity for violence in the community?" Bonner replied: "No, because that's just one little matter of time versus almost a lifetime of actually knowing the guy. You don't know what could happen to you within a period of time. They might have provoked him. I don't know what the circumstances was. Just because a sentence was given upon him I don't know that it was what actually happened."

The State then tendered certified copies of the verdict form, sentence, and the indictment "charging Michael Daniel with the offense [of] obstruction of an officer." Defense counsel renewed his previous objection.

(a) Daniel first argues that the prior conviction was for misdemeanor obstruction, which involves neither violence nor moral turpitude, and was therefore inadmissible for impeachment purposes. OCGA § 16-10-24 (a); *Harris v. State*, 173 Ga. App. 787, 788-789 (2) (328 SE2d 370) (1985). We agree and reverse.

The rationale behind prohibiting the admission of evidence of other crimes committed by the accused except under very narrow circumstances is that "[a]n accused is 'entitled to be tried for the offense charged in the indictment, independently of any other offense not connected with the transaction upon which the indictment was based. [Cit.]' " *Williams v. State*, 261 Ga. 640, 641-642 (2) (a) (409 SE2d 649) (1991). To render such evidence admissible, the State must show that it seeks to introduce it "not to raise an improper inference as to the accused's character, but for some appropriate purpose which has been deemed to be an exception to the general rule of inadmissibility." Id. at 642 (2) (b). See USCR 31.3 (B).

The State did not seek to introduce the evidence in question to show identity, motive, or intent, as is often the case, see id. at 642 (2) (b), n. 2, but "to directly impeach what this witness has said. That indeed this defendant has been found guilty by a jury of a violent obstruction against an individual." USCR 31.3 (E) provides that nothing in the rule "is intended to alter the rules of evidence relating to impeachment of witnesses." The prior crime evidence was admissible, therefore, only if it comported with the rules of evidence relating to impeachment, and we find that it did not.

The State sought to impeach Bonner by disproving his testimony. "A witness may be impeached by disproving the facts testified to by him." OCGA § 24-9-82. Even assuming that a prior conviction for felony obstruction involving violence could properly have impeached Bonner's testimony, however, the document showed on its face that it was for misdemeanor obstruction which, unlike felony obstruction, does not involve the element of violence. OCGA § 16-10-24 (a), (b). See *Duke v. State*, 205 Ga. App. 689 (423 SE2d 427) (1992). Although defense counsel's objection may not have been crystal clear

in distinguishing between misdemeanor and felony obstruction or in failing to bring to the attention of the trial court that Daniel's conviction was for the lesser included misdemeanor offense, the burden was on the State to show that the evidence was being introduced for a proper purpose. *Williams*, supra at 642 (2) (b); USCR 31.3 (B). The State failed to carry this burden. It follows that the trial court improperly admitted this evidence. Because the improperly admitted evidence impermissibly bore upon Daniel's character, his conviction must be reversed and a new trial ordered. See generally *Williams*, supra at 643 (2).

(b) For the same reasons, the indictment in the prior crime should not have been admitted. It alleged a violent act of obstruction against a police officer, but Daniel had been convicted only of the lesser included misdemeanor.

2. Our holding in Division 1 renders unnecessary consideration of Daniel's other enumerations of error.

*Judgments reversed. Beasley, P. J., and Cooper, J., concur.*

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 17, 1993 — 

*Julian M. Treadaway*, for appellant.
*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Assistant District Attorneys*, for appellee.