## A96A0528. STINSON v. THE STATE.

(472 SE2d 538)

Judge Harold R. Banke.

Sam Stinson was convicted of possession of cocaine with intent to distribute. Following the denial of his motion for new trial, Stinson appeals.

Stinson conducted his trial pro se, with appointed counsel assisting him with voir dire and motions arguments. Under cross-examination, the prosecutor asked Stinson, "And you never had enough money to where you could live on your own?" Stinson responded, "Yes, I have had enough money where I could live on my own; but at the time, I was going through financial hardship. And in between a permanent steady job to where — but I had someone that was helping me so that I was not out there having to convert myself to a criminal life in order to do that." At this point, outside the presence of the jury, the State moved to introduce evidence of Stinson's 1984 guilty plea to five marijuana sales. Determining that Stinson had opened the door to the introduction of his prior conviction, the trial court, over Stinson's objection, permitted the State to question him about five previous marijuana arrests in July and August 1984 to which Stinson had entered a guilty plea. In the presence of the jury, the prosecutor asked Stinson if he were jobless would he then engage in criminal activity. Stinson testified that he was employed on each of the five dates specified, whereupon the State tendered certified copies of the indictment, guilty plea, and sentence. Stinson, the only defense witness, premised his defense on a mistaken identity theory, that the police inadvertently arrested the wrong man. After introducing the prior conviction evidence, the prosecutor queried Stinson as to whether he was the unluckiest person in the world, with undercover agents continually misidentifying him as a person selling drugs. *Held*:

1. The trial court erred in admitting the evidence of the guilty plea from 1984. OCGA § 24-9-20 (b) provides that when a defendant chooses to testify "no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Id. Where a defendant has not placed his character in issue, proof of prior offenses or convictions is not admissible unless offered for some proper purpose, and not to show that the defendant is a person of bad character. *Jones v. State*, 257 Ga. 753, 757 (363 SE2d 529) (1988); *Williams v. State*, 187 Ga. App. 564, 565-566 (2) (370 SE2d 821) (1988). Compare *Gaither v. State*, 194 Ga. App. 213, 214 (1) (390 SE2d 113) (1990) (defendant's false denial of criminal past did not put character into issue within the meaning of OCGA § 24-9-20 (b) but did allow the State to rebut his protestations). As a general rule, " 'on a prosecution for a particu-

lar crime, evidence which in any manner shows or tends to show that the accused has committed another crime wholly independent from that for which he is on trial, *even though it be a crime of the same sort*, is irrelevant and inadmissible.' (Cits.)" *Stephens v. State*, 261 Ga. 467, 469 (405 SE2d 483) (1991). To open the door to such evidence, a defendant must intentionally elect to place his good character in issue. *Jones*, 257 Ga. at 758.

The State's ostensible reason for using Stinson's prior conviction was its assertion that Stinson opened the door to this evidence.[1] We do not agree that Stinson intentionally elected to put his character in issue within the meaning of OCGA § 24-9-20 (b) by his rambling, somewhat unresponsive answer. See *McGuire v. State*, 188 Ga. App. 891, 892 (2) (374 SE2d 816) (1988) (accused rapist's comment that he was "not that type of person" did not open door to prior arrest on sex-related charges). Compare *Butts v. State*, 193 Ga. App. 824, 825 (2) (389 SE2d 395) (1989) (defendant's testimony on direct examination that he had never been convicted of a crime and that nothing like this had ever happened to him opened character door); *Hayes v. State*, 189 Ga. App. 39, 41 (2) (375 SE2d 114) (1988) (defendant's testimony about his past criminal activity opened the door to evidence of his prior convictions). Nor was there any showing that the evidence was being introduced for an otherwise proper purpose. *Jones*, 257 Ga. at 757; see, e.g., *Williams v. State*, 261 Ga. 640, 642 (2) (b) (409 SE2d 649) (1991) and Uniform Superior Court Rule 31.3 (B). Because the trial court improperly admitted this character evidence, Stinson's conviction must be reversed and a new trial ordered. *Daniel v. State*, 211 Ga. App. 455, 457 (1) (a) (439 SE2d 720) (1993).

2. The State concedes that the disputed jury charge on the presumption of witnesses' truthfulness has been judicially disapproved. Although the charge is not unconstitutionally burden-shifting, it can be misleading. *Frost v. State*, 200 Ga. App. 267, 271 (5) (407 SE2d 765) (1991). For this reason, the Georgia Supreme Court has recommended discontinuation of its use. See *Noggle v. State*, 256 Ga. 383, 386 (4) (349 SE2d 175) (1986).

3. The trial court properly denied Stinson's motion for the State to perform fingerprint analysis on the packages seized. The State is not required to provide evidence which is not part of the prosecutor's files and to investigate the case for the defense. *Simmons v. State*, 174 Ga. App. 171, 174 (4) (329 SE2d 312) (1985).

4. The holding in Division 1 renders consideration of the remaining enumeration unnecessary.

---

[1] During the course of the trial, the State did not seek to introduce the prior conviction as similar transaction evidence or for any other purpose such as impeachment.

*Judgment reversed and remanded. Andrews and Smith, JJ., concur.*

DECIDED JUNE 18, 1996.

*Jonathan H. Lipsky*, for appellant.
*Lewis R. Slaton, District Attorney, William F. Riley, Jr., Juliette O. W. Scales, Assistant District Attorneys*, for appellee.