## A04A2107. KING v. THE STATE.
(606 SE2d 616)

MILLER, Judge.

A jury found Robert E. King guilty of possession of methamphetamine with intent to distribute and possession of amphetamine with intent to distribute. Following the denial of his motion for new trial, King appeals, contending that the trial court erred in allowing him to be arraigned without counsel and in allowing the admission of his prior convictions for purposes of impeachment. King also argues that he received ineffective assistance of counsel. Since the trial court erred in allowing the admission of King's prior convictions, we reverse.

The evidence showed that police used an informant to arrange the sale of drugs out of her home. Officers placed a monitoring device on the informant's phone and asked the informant to set up drug deals. After several phone calls to the informant's home, King and Carl Bradley arrived there. When the two entered the room, officers performed a take-down, and King threw his cell phone toward a sofa. An officer retrieved the cell phone and discovered methamphetamine and amphetamine hidden in its leather cover.

Bradley testified that he contacted the informant, who asked Bradley if he could get her some methamphetamine. Bradley then called King to see if King could provide the drugs. Bradley further testified that he and King agreed to deliver the drugs to the informant's home. Bradley used King's cell phone to let the informant know that he was en route to her home. Bradley explained that King provided the drugs and that he was just the middle man. King, on the other hand, denied possessing drugs and testified that he did not know the informant and that Bradley offered him $100 for a ride to the informant's home so that Bradley could get some oxycodone.

1. In his first enumeration, King argues that the court erred by allowing him to proceed to arraignment without counsel. King testified at the motion for new trial hearing that his trial counsel was not present when he was arraigned and points out that counsel did not sign the accusation. Trial counsel testified that he was present during King's arraignment and that his failure to sign the accusation was an oversight. Counsel recalled that he had also filed several motions with the court on the day of King's arraignment. "[I]t is the function of the trial court at the hearing on the motion for new trial to determine witness credibility and to resolve any conflicts in the testimony." (Citation omitted.) *Mobley v. State*, 264 Ga. 854, 856 (2) (452 SE2d 500) (1995).

Even assuming King's trial counsel was not present, "reversal is by no means automatic for absence of counsel [at arraignment]. The

harmfulness of counsel's absence must appear." (Citation and punctuation omitted.) *Bache v. State*, 208 Ga. App. 591, 592 (1) (431 SE2d 412) (1993). King argues that he would not have waived his right to insist on an indictment by a grand jury, but has failed to show that he would not have been indicted on the charges. In fact, even trial counsel testified that in his opinion there would have been no advantage to insisting upon a grand jury indictment given the evidence in the case. We therefore hold that any error in the trial court proceeding in the absence of counsel (if indeed counsel was absent) was harmless in this case. See id.

2. In his fourth enumeration, King contends that the trial court erred in allowing the admission of his past criminal history for purposes of impeachment. During trial, the court allowed the admission of copies of several indictments in which King had been previously charged with several felony counts (including possession of cocaine) and had pled guilty.

OCGA § 24-9-20 (b) provides that "[i]f a defendant testifies, he shall be sworn as any other witness and may be examined and cross-examined as any other witness, except that no evidence of general bad character or prior convictions shall be admissible unless and until the defendant shall have first put his character in issue." Here, King denied all of the charges against him, and claimed that Bradley agreed to pay him to drive Bradley to the informant's home so that he could get some oxycodone pills from the informant. He denied that the drugs found in his cell phone cover belonged to him or that he went to the informant's home to sell drugs. He further testified that officers picked up his phone, walked out of the room with it, and then returned claiming that they discovered drugs inside the cell phone's cover. King also pointed out that on the way to the informant's home he allowed Bradley to use his cell phone. These responses did not raise the question of King's character.

The State argues that King put his character at issue when he claimed that he did not use illegal drugs. An examination of the record, however, belies this assertion. The following colloquy took place between the State and King:

Q. Now, the last question [defense counsel] asked you was, you're [sic] bringing [Bradley] to [the informant's] house to pick up illegal drugs?
A. Yes sir, I did.
Q. But you weren't taking illegal drugs?
A. No, sir.

The question posed to King, "But you weren't *taking* illegal drugs?" concerned whether King was transporting drugs to the informant's

home, *not* whether he was a drug user.

Nowhere in his responses did King inject his good character at trial, and the State was therefore prohibited from admitting his prior convictions to show his bad character. See *Stinson v. State*, 221 Ga. App. 758, 759 (1) (472 SE2d 538) (1996) (defendant's unresponsive answer that he did not have to convert to a criminal life did not open the door for the admission of prior conviction). We cannot conclude, as the State insists, that there was overwhelming evidence of guilt, since there was conflicting evidence presented at trial. See *Frazier v. State*, 241 Ga. App. 125, 126-127 (1) (524 SE2d 768) (1999).

Since the trial court improperly admitted the prior convictions, King's conviction must be reversed and he is entitled to a new trial. See *Stinson*, supra, 221 Ga. App. at 759 (1); see also *McGuire v. State*, 188 Ga. App. 891, 892 (2) (374 SE2d 816) (1988).

3. King's claims of ineffective assistance are moot in light of our holding in Division 2.

*Judgment reversed and case remanded. Andrews, P. J., and Ellington, J., concur.*

DECIDED NOVEMBER 9, 2004.

*Timothy L. Lam*, for appellant.
*Richard G. Milam, District Attorney, Paul E. Hemmann, Assistant District Attorney*, for appellee.